## CHAPMAN vs. WILLIAMS.—June, 1826.

C was employed by W, principal keeper in the *Maryland Penitentiary,* (and who, as such, had authority to employ deputies,) to act as deputy keeper, at a certain annual compensation. The compensation of all the officers of the institution was by law to be drawn from the treasury of the state. C's compensation was received from the treasury by W, who was afterwards dismissed from the institution. In an action of *assumpsit* by C against W, to recover this sum—*Held,* that he was entitled to recover, and that it was immaterial in what manner C was employed by W, whether it was in W's public or individual capacity; and that it was also immaterial, whether he had paid over the compensation to the directors of the institution, or not, as they had no authority to receive it, and his responsibility to C was in virtue of his receipt of the fund.

APPEAL from *Baltimore* County Court. *Assumpsit* for work and labour, &c. for money had and received, and an *insimul computassent.* The defendant, (now appellee,) pleaded

*non assumpsit*, and issue was joined. The facts of the case are stated by the Judge who delivered the opinion of this Court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, ARCHER, and DORSEY, J.

No Counsel appeared for the Appellant.

*Heath*, for the Appellee, referred to the acts of 1809, *ch.* 138, *s.* 17; 1811, *ch.* 177, *s.* 3; and 1813, *ch.* 69. And to show that the appellee was not liable in his individual character, he cited *Mc Donough vs. Templeman,* 1 *Harr. & Johns.* 156. *Macbeath vs. Haldimand,* 1 *T. R.* 172. *Unwin vs. Wolseley, Ibid* 674. *Hodson vs. Dexter,* 1 *Cranch,* 345. *Myrtle vs. Beaver,* 1 *East,* 135. *Walker vs. Swartwout,* 12 *Johns. Rep.* 448. *Key vs. Parnham,* 6 *Harr. & Johns.* 420. *Gidley vs. Palmerston,* 7 *Serg. & Low.* 434; and *Olney vs. Wickes,* 18 *Johns. Rep.* 122.

ARCHER, J. delivered the opinion of the court. This was a suit instituted in *Baltimore* County Court by the plaintiff, (now appellant,) who was a deputy-keeper in the penitentiary, to recover from the defendant, who was principal keeper, the amount of a quarter year's salary due to him on the 4th of October, 1819. The service of the deputy-keeper in that capacity, and his original employment by the principal keeper, and his continuance in service from the 29th of September 1817, until the 4th of October 1819, were given in evidence. The defendant had regularly paid the plaintiff for all services prior to the 5th of July 1819. Evidence was also given that the amount of salary due the plaintiff to the 4th of October 1819, had been received by the defendant at the expiration of the last quarter of the plaintiff's service, from the treasury of the state, through the *Union Bank of Maryland,* and that it had never been paid to the plaintiff. The plaintiff furthermore proved, that all the funds in the hands of the defendant, as principal keeper, had been by him paid over to the directors of the penitentiary, the amount of the defendant's wages being retained at the request of the directors. Upon the above statement of facts the court below directed the jury, that if they believed the plaintiff was appointed deputy-keeper by the defendant as

agent of the state, they should find a verdict for the defendant; and if they were of opinion that the defendant contracted with the plaintiff in his individual character, they should find a verdict for the plaintiff. By the act of 1817, *ch.* 72, the directors of the penitentiary have power to appoint at their pleasure all such deputy-keepers as they may deem necessary for the effectual administration of the concerns of that institution, and have power to fix and regulate their compensation and salary, so that it should not exceed what had before been allowed by law, which, by the acts of 1811, *ch.* 177, & 1813, *ch.* 69, was annually $400. The principal keeper had originally the power to appoint his deputies, and had authority to appoint the plaintiff a deputy when he was first introduced into the institution; and he seems to have been continued in that capacity by the directors, although no formal reappointment appears to have taken place; for his salary has been regularly drawn from the treasury for more than two years after the passage of the law of 1817, and until the expiration of the plaintiff's service, which could only have been done by their assent and approbation. The plaintiff's salary could only be drawn from the treasury by himself, or by his authority. No power over it is confided by law to any of the officers of that institution. The defendant then must have received the money from the treasury of the state, not as a public agent, but under an authority derived from the plaintiff, and must be considered in the light of a private agent, and answerable as such. But if, indeed, without such authority, he had wrongfully possessed himself of the plaintiff's salary, the plaintiff would have an undoubted right, for all the purposes of this action, to consider him in the light of an agent, and charge him as such. In this view of the case, the inquiry is obviously immaterial in what manner the original employment of the plaintiff was made, whether by the defendant in his public or individual capacity, for this action is grounded on the implied promise resulting from the receipt of funds with which, in his public capacity, he had nothing to do, and over which he had no control, and is not founded at all upon the original contract of employment.

If by any construction of the bill of exceptions it could be inferred that the plaintiff's salary had been paid over to the in-

spectors of the penitentiary on the defendants' retirement from office, it would, nevertheless, not change the character of the defendants' responsibility.    For he is chargeable in virtue of his receipt of the funds, and he cannot defend himself upon the ground that he had paid them over to those having no authority to receive them, but was bound, under the circumstances of this case, to hold them for the plaintiff.

· JUDGMENT REVERSED, AND PROCEDENDO AWARDED.