THE STATE, for the use of TOWNLEY ROBEY *vs.* EDWARD. TURNER, *et al.*—*December,* 1836.

As soon as a writ of *fieri facias* is delivered to a sheriff, in contemplation of law, it attaches itself to the bond, which gives him authority to act as such for the time being, and if a default is committed upon such writ, the party injured must sue that bond.

Robey *vs.* Turner.—1836.

Two writs of *fieri facias*, at suit of the same party, were placed in the hands of the sheriff on the 24th of November, 1828, and laid, the one on the 6th of December, of the same year, the other, on the 21st of January, following. On the 17th of May, 1830, the sheriff levied upon these writs the sum of $1,100, which he made default in not paying over, and the party entitled, thereupon, brought suit upon his bond executed on the 8th of December, 1829. *Held,* that the right to recover was not upon the bond sued on; but that the remedy of the party was upon that bond, which clothed the sheriff with official authority at the time the writs were placed in his hands.

The giving of costs is not a valid objection to a judgment against the *State;* but if it were, this court will regard it as a clerical error, and permit the party here, in whose favour it was rendered, to correct the error according to the provisions of the act of 1809, ch. 153, sec. 2.

APPEAL from *Charles* county court.

This was an action of *debt* instituted by the appellant on the 5th of March, 1832, against one *Jesse C. Cook,* who died whilst the suit was depending, and the appellees his sureties in his bond as sheriff of *Charles* county, dated on the 8th of December, 1829, in the penalty of £10,000, and with the usual condition.

The appellees pleaded performance of the condition by *Cook,* to which the appellant in his amended replication replied as follows—"And the said state by, &c. for plea the said state by its said attorneys by replying, saith, that at a county court begun and held at *Port Tobacco* in and for *Charles* county, on the third Monday in August, in the year 1828, before the Hon. *John Stephen,* chief judge, and others his associates then judges of said court, the said *Townley Robey* in the endorsement of the original writ in this cause impetrated, and at whose instance and for whose use this suit is brought, by the consideration of the same court, did recover against a certain *Nathan S. Dent,* and also against *Nathan S. Dent,* and *Alexander Dent* executors of a certain *William Dent* late of said county as well the sum of eleven hundred dollars current money with interest from the 16th day of January 1823, and the quantity of 389 lbs. of tobacco, with interest from the 3d of July, 1814, until paid, debts, and costs eight dollars and eighty-five cents, and $8,88½ cents, whereof the said *Nathan S.* and *Nathan S.* and *Alexander* as executors aforesaid were convict, as by record and process thereof in said county

court here of record remaining, appears, and which same judgments in form aforesaid had and obtained, was for a just debt due to the said *Townley Robey* by the said *Nathan S. Dent*, and *Nathan S. Dent*, and *Alexander Dent*, executors of *William Dent* and then not paid, or in any manner satisfied. And the aforesaid state by its said attorneys further saith, that after the rendering the judgments aforesaid, and before the issuing the writ of the said *State* against the said defendants in this cause, to wit: on the 24th day of November in the year 1828, the said *Townley Robey* for the recovery of the debt, damages, costs and charges aforesaid, prosecuted out of the county court aforesaid here, two certain writs of the *State of Maryland* of *fieri facias* to the sheriff of *Charles* county aforesaid directed, by which said writs the said sheriff was commanded, that of the goods and chattels, lands, and tenements of the said *Nathan S. Dent*, and the goods and chattels of the said *William Dent*, in the hands of the said executors *Nathan S.* and *Alexander* to be administered, if so much thereof he had, and if not, of the goods and chattels of the said *Nathan S.* and *Alexander* in his bailiwick being, he should cause to be made the said debt, costs and charges aforesaid, and that he should, have the same before the said County court, here on the third Monday in March, then next following, to render the said *Townley* the debt, damages, costs, and charges aforesaid, and which said writs of *fieri facias* afterwards, and before the return thereof, were delivered to the said *Jesse C. Cook*, he the said *Jesse C. Cook*, then being the sheriff of the said County, in due form of law to be executed, and were laid by him on the land, on 6th December, 1828, and on the goods and chattels on the 21st January, 1829, by virtue whereof the said sheriff afterwards, and before the return of the said writs, in his bailiwick, to wit: on the 17th day of May, 1830, at *Charles* county aforesaid, levied of the goods and chattels, lands and tenements of the said *Nathan S. Dent*, and *Nathan S. Dent* and *Alexander Dent*, executors of *William Dent*, so as aforesaid taken the sum of eleven hundred dollars, current money, with interest

and costs, and additional costs aforesaid, and also the quantity of 389 lbs. of tobacco, with the interest and costs aforesaid. Nevertheless the said *Jesse . C. Cook,* the said sums of money, and costs, and tobacco so as aforesaid levied by him by virtue of the said writs of *fieri facias,* before the said county court here, had not at the return of the said writs to render to him, the said *Townley Robey* or to the said *Nicholas Stonestreet,* nor hath he, the said *Jesse C. Cook* paid the same, or any part thereof either to the said *Townley Robey* or the said *Nicholas Stonestreet,* although often thereunto required, and so the said *State* by its said attorneys saith, that the said *Jesse C. Cook* has not well and faithfully fulfilled and performed the duties of the office of sheriff of the said county of *Charles,* which according to the form and effect of the said condition of the writing obligatory aforesaid he ought to have done, and this the said *State* by its said attorney are ready to verify, &c. Wherefore the said *State* by its said attorneys prays judgment, and its debt aforesaid, together with the damages for the detention thereof, to the said *State* to be adjudged, &c."

The defendants filed a general demurrer to the above replication, in which the plaintiff joined. The county court gave judgment on the demurrer for the defendants, and the plaintiffs appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, DORSEY, CHAMBERS and SPENCE, Judges.

J. JOHNSON for the appellant contended :

1. That although the bond on which the action was brought, was given after the executions were placed in the hands of the sheriff, yet the money having been received upon them, after it was given, and whilst it was in force, the parties thereto are responsible for the default of the sheriff in not paying it over.  *United States vs. Giles, et al,* 9 *Cranch.* 212.  *Hewett and Russel vs. State use Brown,* 6 *Har. and John.* 96.

2. That the replication is good in substance, and upon a

general demurrer thereto, the judgment should have been for the plaintiff.

3. That the court erred in awarding an execution for costs against the State which will be corrected upon the appeal. *Charlotte Hall School vs. Greenwell*, 4 *Gill and John.* 409.

4. That should the court be with the plaintiff upon the question raised by the demurrer, a final judgment should be entered in his favour, for the claim as set out in the replication.

ALEXANDER, for the appellees, insisted :

1. That the replication is double, alleging two causes of action, whereof, either if true, might possibly entitle the plaintiff to a recovery.

2. That the causes of action, as breaches, are set forth in the replication, so uncertainly, that it cannot be known whereunto, the defendants are required to answer, and the court cannot give a certain and distinct judgment thereupon.

3. That the replication avers as a breach of the condition of the bond, the non-payment of the money in the replication mentioned to *Nicholas Stonestreet*, but it does not show any interest or right in him to recover the same.

4. That the bond on which the action is brought is not liable for the defaults which are charged in the replication.

DORSEY, Judge, delivered the opinion of the court.

The important question in this cause, as respects the substantial rights of the parties, is whether the appellees, the sureties in the sheriff's bond of the 8th of December, 1829, are liable for the breach set forth in the replication, to which the appellees have demurred. The breach assigned is the non-payment of money received on the 17th of May, 1830, under two writs of *fieri facias*, issued on the 24th of November, 1828, and laid upon the lands of the debtor on the 6th of December, 1828; and on his goods and chattels on the 21st of January, following. The issuing of the executions and their delivery to the sheriff were prior to the date of the bond sued on; the receipt of the money levied under them

was subsequent thereto.  The liability of a sheriff's sureties for such a default as that complained of, is distinctly stated in the condition of his bond which defines the duty violated in these words, " shall also well and faithfully execute and return all writs, process and warrants to him directed and delivered; and shall also pay and deliver to the person or persons entitled to receive the same, all sum or sums of money, tobacco, goods, chattels or property by him levied, seized or taken."  As soon then as a writ of *fieri facias* is delivered to the sheriff in contemplation of law, it attaches itself to the bond under which the sheriff derives his authority to act as such for the time being, and as far as regards the breach charged in the replication, the bond may be construed in the same manner, as if in terms its condition instead of applying as it does, to " all writs," had embraced that *fieri facias* only.

If such be the true construction of sheriffs' bonds, in reference to breaches of the character of that now before us, it necessarily follows, that the plaintiff has mistaken the bond on which his right of action accrued.

He should have sued on the bond, which clothed the sheriff with his official authority at the time the writs of *fi. fa.* were placed in his hands.  Whether it was his bond executed in the year of 1827 or 1828, we are unable to determine; not being informed of their precise dates nor the time between the 24th of November and 6th of December, 1828, when the executions were delivered to the sheriff.

As a case establishing a different doctrine, we have been referred to *The United States vs. Giles and others,* 9 *Cranch,* 212, but in that case no such point as that now adjudicated, was raised or argued by the counsel concerned; nor did the condition of the marshall's bond contain any such provision as that referred to in the bond of the sheriff.

For the same purpose a *dictum* of this court has been cited from the case of *Hewitt and Russel vs. State use of Brown,* 6 *Har. and John.* 96.  But with the question adjudicated

there, and that now determined, there is the most perfect accordance.

The question there, was whether the securities in the sheriff's bond of December, 1814, were liable for the default of the sheriff, in not paying over money levied under an execution delivered to him in the year 1816, after he had given his official bond in 1815. The court determined that they were not; and in reference to and explanation of the grounds of their determination, they say, " the sheriff's bond is an annual bond, and the securities of each year are responsible for the neglects, defaults, acts and receipts of their principal, during the time only between giving the bond passed by them, and the execution of the next year's bond by the sheriff." This position asserted by the court was assumed in explanation of the grounds on which their decision in that case was made, and was not intended as the enunciation of an universal principle of law, applicable to all cases in which the liability of a sheriff's securities could by possibility be involved. As bearing on the question before them in reference to which they designed to use it, this *dictum* of the court stands clear of all cavil or exception. It was legitimately conclusive of the point decided. They did not mean, as a literal interpretation of their words might import, that if an execution dated anterior to a sheriff's second bond, but returnable subsequently thereto, were delivered to the sheriff and having been executed were not returned by the sheriff, the second bond would be forfeited; because such a default is by the express terms of the condition of the first bond, made a forfeiture thereof. Nor did they mean, that if a short time before the execution of his first bond by a newly elected sheriff, a *fieri facias* were delivered to the old sheriff, and should be by him levied, which was returnable to a term subsequent to the qualification of the new sheriff, and no return thereof should be made, the securities of the old sheriff should not be responsible; because in the language of the court, such a default did not occur, " during the time only between the giving of the bond passed by them, and the exe-

cution of the next year's bond by the sheriff." Such cases as the two last mentioned, were not by the facts of the case in 6 *Har. and John.* 96, brought to the consideration of the court. They were not within their contemplation, and it would be doing them injustice therefore to assume ; that they had passed any opinion upon them. To attach to securities in sheriff's bonds, different liabilities from those imposed on them by the opinion of the county court, would be to deprive those bonds of that certain and well defined operation which their terms import; and would leave them for the most part the creatures of the subsequent caprice or designs of the sheriff, who could shift the responsibilities of his securities in different bonds almost at pleasure. The construction given by the county court, to the obligations assumed by the sureties in the several bonds of a sheriff, is strictly conformable to the conditions of those bonds, and to the plainest principles of natural justice. It equalizes as nearly as may be the liabilities of the securities in the several bonds, and properly repudiates the doctrine now insisted on by the appellant, which would in a great measure, render the last bond of the sheriff, answerable for his official acts during his three years' term.

It avoids surprise and injury to parties who look to the sureties in the bond at the time they are about to place pro-.cess in the hands of the sheriff; and may confide in the sufficiency of those sureties, with a certainty that they are not to be deprived of that security on which they have reposed, by the substitution of another less satisfactory to them, and substituted without their concurrence or control. It has been urged as a ground for the reversal of this judgment, that it gives costs against the *State of Maryland.* This suggestion forms no objection to the validity of the judgment as was adjudged by this court in the case of *Charlotte Hall school vs. Greenwell,* 4 *Gill and John.* 409. But suppose it were, whilst it remains in the record a fatal objection to the judgment; it is a mere clerical error which this court would permit the appellees to cure, by amending the

judgment agreeably to the provisions of the act of 1809, ch. 153, sec. 2. Upon another ground this objection is wholly unavailable to the appellants. It not being a point decided by the court below, the act of 1825, ch. 117, precludes its being brought to the consideration of this court.

The views we have taken of the main point in this cause, relieves us from the necessity of examining the minor questions which have been argued.

Concurring in opinion with the county court, we affirm their judgment.

JUDGMENT AFFIRMED.