(Decided Oct. 28th, 1863.)

---

## Alexander B. Hanson vs. Abner Campbell's Lessee.

Ejectment, Public Streets as Boundaries.—In an action of *ejectment*, plea *non cul* and defence on warrant, the plaintiff and defendant claiming the parcel of ground in controversy under deeds from the same grantors, the question was as to the true location and extent of the lot described in and conveyed by the elder deed. The subject matter of the conveyance was a lot upon a public street in a city, described by the number by which it was designated on the plat of the town, the public streets and lots thereon being marked and defined by distinct lines and boundaries. The lot was described as beginning on Patrick street at the division line between the lot conveyed and the next contiguous lot. Held:

That the deed being made with reference to the plat of the city, the beginning must be construed to be at the point where the lot as designated on the plat abuts upon the street, and in its true location cannot include any part of the bed of the street.

Practice in Court of Appeals.—Where upon appeal it appeared that a question of law had been left to the jury in the Court below, but it followed from the views expressed by the appellate Court that it was competent and proper for the Court below to have granted an instruction

which under the conceded facts of the case would have entitled the plain-
tiff to the verdict, and the jury had so found their verdict, it was held that
the judgment thereon would not be disturbed.

Where no injury has resulted to an appellant from the ruling to the Court
below, a judgment will not be reversed, even were it conceded that evi-
dence had been erroneously admitted by such ruling.

APPEAL from the Circuit Court for Frederick County:

*Ejectment*, for part of the western half of lot No. 55, in
Frederick City, brought on the 11th of October 1856, by
the appellee against the appellant. Plea *non cul*, and de-
fence on warrant. The case is stated in the opinion of this
Court and the arguments of counsel, so far as is essential
to a proper apprehension of the points decided by the
Court.

The cause was argued before BOWIE, C. J., and BARTOL,
GOLDSBOROUGH and COCHRAN, J.

*J. M. Palmer,* for the appellant :

The argument in this case will be confined exclusively
to the ruling of the Circuit Court, in the second and fourth
bills of exception, and we shall insist that the Court mani-
festly erred in its ruling in both.

The attention of the Court will first be called to the opin-
ion of the Circuit Court in the second bill of exception,
which we respectfully submit cannot be sustained upon any
principle. The declaration of Adam Ebert, as to "the
established corner of lot No. 54, where it comes down to
Patrick street on the east side of Middle Alley," was in-
admissible for any purpose; because—

1st. It is hearsay evidence.

2nd. It is irrelevant to any question in controversy in
the case.

1st. As a general rule of law, all hearsay evidence is in-
admissible. 1 *Greenleaf's Ev.,* secs. 124, 125. Hearsay
evidence to be admissible must be pertinent and material to
the issue between the parties. If the evidence has no re-

lation to the subject, or if it refers to facts which are immaterial to the point of inquiry, it ought not to be admitted. *Boardman vs. Reed's Lessee*, 13 *Peters*, 340. 1 *Greenleaf's Ev.*, secs. 125, 424.

"The danger of admitting hearsay evidence is sufficient to admonish Courts of Justice against lightly yielding to the introduction of fresh exceptions to an old and well established rule, the value of which is felt and acknowledged by all." *Per Marshall, C. J.*, 7 *Cranch.*, 296.

The principle in relation to the admissibility of hearsay evidence to establish boundaries and lines of lands in dispute, has been carefully defined and established by the Courts of this State upon a safe and sure basis, and it is clear beyond dispute, that hearsay can never· be given in evidence in any case unless it be to establish a fact in issue between the parties. The case in 6 *Peters*, 341, is direct to this point and so are all the Maryland cases upon the subject, which are collected in 1 *Md. Digest*, 452, 453, and in 1 *Greenleaf's Ev.*, sec. 145, note 1.

2nd. This evidence was clearly inadmissible upon another ground. It was irrelevant to the subject matter in dispute. It is a general and an indisputable rule of evidence, that its admissibility depends upon its pertinency to the issue made by the pleadings. The hearsay evidence in this case had no application to the issue involved; it did not tend or in any way aid in establishing the issue, and hence was inadmissible. 1 *Greenleaf's Ev.*, secs. 50, 51.

The evidence must correspond to the allegations and be confined to the point in issue. "This rule excludes all evidence of *collateral facts*, or those which are incapable of affording any reasonable presumption or inference, as to the principal fact or matter in dispute; and the reason is, that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them." 1 *Greenleaf's Ev.*, sec. 52, and cases there cited. This is the well settled rule of evidence in this State, indeed, the principle is too clear for argument.

29    v. 20.

*Godhand vs. Benton,* 6 *G. & J.,* 481.  1 *Md. Dig.,* **449.**
2 *Md. Dig.,* 260.

There can scarcely be a doubt that a grantor owning the
land bounded on a highway, or street or river, may sell *"ad
medium filum,"* or the edge or margin, and then it becomes
merely a question of construction and intention, which is
a question exclusively for the Court.  3 *Kent Com.,* 433,
434.  *Dovaston vs. Payne,* 2 *Smith Lead. Ca.,* 90, note
and cases cited.  2 *Johns. Ch. Rep.,* 357.

The ruling of the Court in the fourth bill of exceptions
is manifestly erroneous, in submitting to the jury the legal
effect and operation of the deed in evidence under which
the appellee claims.

The legal interpretation and construction of all written
instruments, are questions of law to be decided by the
Court, and a prayer which submits such construction to the
jury is defective, and the opinion of the Court granting
such prayer, erroneous.  *Cook vs. Carroll,* 6 *Md. Rep.,* 104.
*Balto. & O. R. R. Co. vs. Resley,* 7 *Md. Rep.,* 297.  The
legal effect and operation of the deed, under which the ap-
pellee claims, is matter of law to be decided by the Court
and not the jury.  *Boteler vs. State,* 5 *G. & J.,* 511.  *Hall
vs. Hall,* 6 *G. & J.,* 386.  *Thomas vs. Godfrey,* 3 *G. & J.,*
142.

The deed under which the appellee claims, when it shall
be submitted to the Court for its determination, must be
interpreted according to the legal effect of the terms used
in it, so as to carry into effect what the parties themselves
meant and understood by it.  *Emery & Gault vs. Owings,*
6 *Gill,* 191.  *Osceola Tribe vs. Rost's Admr.,* 15 *Md. Rep.,* 296.

The question as to the legal construction of the deed is
not now before the Court.  The only question upon this
exception is, did the Circuit Court err in submitting the
question of law to the jury ?  The above case in 7 *Md. Rep.,*
314, is decisive of the question.  The Court say: "The ele-
venth prayer is defective in this; it submits a question of law
to the jury, namely: the interpretation of the contract."

Hanson vs. Campbell's Lessee.

On a careful examination of the rulings of the Court, it appears to be clear beyond doubt, that a question of law was submitted to the jury. The substance of the instruction is here inserted: "The plaintiff is entitled to recover if upon all the evidence the jury shall believe that the beginning called for in the deed from John Baltzell and wife to the plaintiff, offered in evidence, is at the division line between lots No. 55 and 56, as shown on the plat of Frederick town and at the point where said division line intersects or comes down to the marginal line of Patrick street, at the distance of 31 feet 6 inches from the centre of said street." There is not a particle of evidence in the case to show that the marginal line of Patrick street was intended by the parties to the deed to be the beginning of the lot in opposition to the legal effect of the deed itself. The law fixes the place of beginning, viz: the centre of the street, unless there be some other place fixed by the terms of the deed. If by a legal interpretation of the deed the marginal line shall be considered as the beginning, that will settle the question, but that interpretation should be the act of the Court not of the jury. What may be the opinion of the Court upon that question, when presented to it, is not now the inquiry, when called upon to discuss that question we will endeavor to sustain our views both by reason and authority; admitting at the same time, that it is an important and interesting question to the owners of city lots.

*O. Miller,* for the appellee :

1st. In the second exception, after other proof, the plaintiff proved by Fessler, a witness sworn on the survey, that he was city commissioner twenty or thirty years ago, and that he saw a notch or spike in the log house then standing upon the south-west corner of lot No. 54, as shown on the plat at letter red A. He then offered to prove by this witness, that one Adam Ebert (then about sixty or seventy years of age, and now dead,) pointed out to him said notch and spike as the *established corner* of lot No. 54, where it comes

down to Patrick street, on the east side of Middle alley, which divides lots Nos. 54 and 55, on the plat of said town, and that on that occasion, (about 1846,) witness was called on as surveyor to ascertain the dividing line between lots Nos 55 and 56, and ran a survey from *said notch* and *spike* to the division line between said lots Nos. 55 and 56, on Patrick street, and that on that survey he *ascertained and established said division line* at the point shown on the plat by the letter red O, near black K. The defendant objected to the admissibility of so much of this evidence as was offered to prove the said established corner of lot No. 54, upon the ground that it had *no relevancy* to the question in controversy in this cause, but the evidence was admitted by the Court, and to this ruling the defendant excepted. It is conceded that the proof of this witness, that as surveyor he was called on to establish the division line between lots Nos. 54 and 55, and on that survey did establish this line at the very point on the plat which the plaintiff claims to be the true beginning of his deed, was admissible. Indeed it could not be denied, as at this time Dr. John Baltzell was the owner of lot No. 55, and of the lots now claimed by the defendant. In explaining how he made this ascertainment, it became necessary for the witness to state where he *began* his survey, and why he began at a particular point. This it was clearly competent for him to do, and all that he did at that time and on that survey, for the purpose of accomplishing the object in hand. Besides, this was competent and relevant testimony of itself. Red A, was a point located on the plat by the surveyor, and the plats had been admitted in evidence without objection, and the same witness had proved on the survey the very same thing in regard to the location of red A, which he was asked to prove in this exception. The relevancy of this testimony will also be apparent to the Court from an inspection and examination of the plat itself.

2nd. The granting of the plaintiff's prayer in the fourth exception was correct. It left to the jury to find the only

fact in dispute between the parties, and told them that if they found that fact in favor of the plaintiff, then he was entitled to recover. The whole point in issue was, *where* is the beginning called for in the deed from Baltzell and wife to the plaintiff.

3rd. The defendant's four prayers in the fifth exception were properly rejected. The 1st, because there was evidence to prove the true beginning called for in the plaintiff's deed; the 2nd, because it incorrectly states the presumption of law in the case supposed by it, and because the deed does call for a definite and fixed point of beginning, and there was evidence to prove that beginning; the 3rd, because the plaintiff's locations are warranted by the true and legal construction of the deed to him, and because he has proved by legal and sufficient evidence, the beginning of the lot conveyed by that deed; and the 4th, because upon the true construction of that deed, the margin or edge of Patrick street is the true beginning of the lot thereby conveyed, and because it leaves a question *of law to the jury*, viz: it leaves to them to find *what was the true intent and meaning of the said deed.* The construction of all written instruments is for the Court. *Isaac's Lessee vs. Clark,* 2 *Gill,* 1. *Mundell vs. Perry,* 2 *G. & J.*, 193. *Helms' Lessee vs. Howard,* 2 *H. & McH.*, 57. *Olinda vs. Lathrop,* 21 *Pick.*, 295. *Sibley vs. Holden,* 10 *Pick.*, 294. *Walker vs. Pearson,* 40 *Maine,* 152. *Hobbs vs. Crane,* 2 *Foster,* 130.

BARTOL, J., delivered the opinion of this Court:

The subject of controversy in this case is the title to a small piece of ground forming a part of the "west half of lot No. 55," in the town of Frederick. There is no dispute between the parties about locations, nor about any of the facts material to the decision of the case; they both claim title from the same proprietor, and as the appellee's deed is the elder, his title must prevail over that of the

appellant, if the land in dispute is embraced within the description contained in his deed.

The whole question therefore turns upon the true construction of the deed from John Baltzell and wife to Abner Campbell, dated the twenty-second day of September 1852, which conveyed a parcel of land described as follows:

Beginning for the same on Patrick street, "at the division line between lot number fifty-five and lot number fifty-six, and running thence north with said division line one hundred and eighty-six feet six inches, thence eastwardly on a line parallel with Patrick street thirty feet, thence southward on a line parallel to the division line between lots number fifty-five and fifty-six, one hundred and eighty-six feet six inches to Patrick street, thence with Patrick street thirty feet to the beginning."

At the time the deed was made the grantors owned the whole of the west half of lot No. 55, extending from Patrick street on the south to Church street on the north. By a deed afterwards made on the 31st day of October 1854, from John Baltzell's executors to A. B. Hanson, (the appellant,) there was conveyed to the grantee all the lot or parcel of lot owned or occupied by John Baltzell at the time of his death, marked or distinguished on the plot of the town of Frederick as No. 55. Other contiguous lots fronting on Church street were embraced in the deed, but it is not material to refer to them.

It is obvious from the descriptions in the deed, that the parcels conveyed to the appellee and the appellant respectively must touch each other somewhere between Patrick and Church streets, the northern line or boundary of the former forming the southern boundary of the latter. Where that line is properly to be located, forms the only subject of controversy in the case; and that depends upon the true point of beginning of the appellee's lot, which must be determined by the true construction of the deed of the 22nd of September 1852.

The deed fixes the beginning "on Patrick street at the

division line between lot No. 55 and lot No. 56." It is shewn by the locations given in evidence, and conceded by the appellants, that if the point of beginning is on the margin or north line of Patrick street, then the piece of ground in dispute will be covered by the appellee's deed. But the appellant contends the true place of beginning is in the middle of Patrick street, or on the line of the curb stones, and if he is correct in either of these views, then by the conceded facts in the case, the parcel of land in dispute is not included within the lines of the appellee's lot.

In support of this view the appellant has referred to a number of cases, in which it has been held that "in a sale of land bounded by a highway, the presumption is of an intent to pass the soil to the centre of the highway, and it will so pass unless the highway be clearly excluded." The cases on this subject have been collected by the American Editors of *Smith's Leading Cases*, and will be found in their note to the case of *Dovaston vs. Payne*, in the 2nd volume, 216, &c.

We have examined the cases and find some conflict of authority upon the very interresting question therein considered. We do not remember any case in our own State, where that particular question has been considered or decided, nor is it necessary for the purposes of this appeal that we should now express any opinion thereon. It has been settled in Maryland, that "where a party sells property in a city bounding it by streets, such sale implies necessarily a covenant that the purchaser shall have the use of such streets. *White vs. Flannigan,* 1 *Md. Rep.,* 525. *Moale vs. Mayor & C. C. of Balto.,* 5 *Md. Rep.,* 314.

But in the view taken by this court of the present appeal, these questions are not involved. We are not called on to decide what title or estate the land forming the bed of Patrick street may have passed to the appellee under the deed from Baltzell and wife. The question for us to decide is the true location and extent of that part of lot 55, described in and conveyed by the deed.

This is a question of construction, and "depends, as in all other cases, upon the deed explained and illustrated by all the other parts of the conveyance, and by the localities and subject matter to which it applies." (2 *Met.*, 151.)

Our duty is to carry out the intent of the parties, and it has been well said, that "in order fairly to ascertain the real intention of the parties, the Court should place itself in their situation, consider the proper import of the description in the deed, the subject matter of the conveyance, and all the surrounding circumstances referred to in the deed."

Here the subject matter of the conveyance was a lot upon a public street in a city, and described by the number by which it is designated on the plot of the town, on which plot the public streets and the "lots" thereon situated are marked and defined by distinct lines and boundaries.

According to the description, the land conveyed begins on *Patrick street* at the division line between the lot conveyed and the next contiguous lot. The true import of which we understand to be, the point where that division line intersects the marginal line of Patrick street. The deed being made with reference to the plot of the town, the beginning must be construed to be at the point where the lot as designated on the plot abuts upon the street, and in its true location cannot include any part of the bed of the street. Whatever rights to the soil of the street or to the use thereof, as a street, may have passed by implication under the deed, it is clear to us, that the land described in the deed was the lot, as contradistinguished from the street.

This being the view entertained by this Court as to the true intent and meaning of the deed of the 22nd of September, it follows, that it would have been competent for the Circuit Court, whose province it was to construe the deed, to have instructed the jury that the place of beginning of the appellee's lot was on the marginal line of Patrick street, which instruction, under the conceded facts of the case, would have entitled the plaintiff to the verdict,

Hanson *vs.* Campbell's Lessee.

and the jury having so found their verdict, the judgment thereon will not be disturbed.

At the trial four bills of exception were taken to the ruling of the Circuit Court. The second and fourth of which only have been argued or relied upon by the appellant, as grounds for reversal. It is only necessary to refer to them briefly. The second exception was taken to the admission of evidence to show the beginning or south-west corner of lot No. 54, situated on the north side of Patrick street in a different square from lot No. 55, and not shown to be in any manner connected with it.

The evidence was objected to on the ground that it was "hearsay," and also, because it was irrelevant; the location of the lot in question not being shown to be dependent upon, or in any way governed by, the lot No. 54, spoken of by the witness. Whatever weight these objections might have under other circumstances, it is unnecessary to consider, because even if it were conceded that the evidence was erroneously admitted, that would present no ground for reversal of the judgment in this case; inasmuch as no injury was done to the appellant by the ruling of the Court. There was really no question of fact for the jury to decide. For the same reason the judgment will not be reversed on account of any supposed error in the instruction given by the Court to the jury, and contained in the fourth bill of exceptions. The alleged error in that instruction consisted in submitting a question of law to the jury, viz: the construction of the deed, which the Court ought to have decided. But the appellant was not injured thereby, inasmuch as it clearly appears to this Court, that by the true construction of the deed the beginning of the appellee's lot was on the marginal line of Patrick street as found by the jury. It is the well settled law of this Court, that in such case the judgment will not be reversed.

See *Union Bank vs. Planters' Bank*, 9 *G. & J.*, 439. *Edwards vs. Balto. Fire Ins. Co.*, 3 *Gill*, 181. *Mut. Saf. Ins. Co. vs. Cohen, Ibid.*, 459. *Clements vs. Smith's Adm'r*

30    v. 20.

9 *Gill*, 159. *Glenn vs. Rogers*, 3 *Md. Rep.*, 313, and nume-
rous others might be cited.

The counsel for the appellant is in error in supposing
the question of the construction of the deed is not present-
ed by the bills of exception.    In the 4th prayer of the de-
fendant which was refused by the Circuit Court, that ques-
tion is distinctly raised.    And entertaining the opinion
already expressed on that point, the judgment will be
affirmed.

*Judgment affirmed.*

