THE HARMONY FIRE AND MARINE INSURANCE COMPANY *vs.* HENRY R. HAZLEHURST.

*Action on a Policy of Insurance — Practice in the Court of Appeals.*

B, an insurance broker in Baltimore, made an application to the Phœnix Insurance Co., of New York, for an insurance upon the steamer Richmond, on behalf of J. B., Jr. Upon the application, was endorsed a description of the steamer, stating her age, and her rate as "A, No. 1." While this application was pending, C, on behalf of H, made application *through* B, to the H. F. & M. Ins. Co., for the insurance of the interest of H, in the steamer, but made no representations to B, concerning the age or rate of the steamer, nor did he authorize B to make any such representations, or know that any representations on that subject had been made by B, on behalf of H. Both applications were granted, and policies were issued to the applicants. In an action brought by H, against the H. F. & M. Ins. Co., on the policy issued by it to him, HELD:

1st. That the fact that the defendant in taking the risk, acted upon representations which had previously been made by B, to a different company, and on behalf of another party with whom the plaintiff was not in privity, could not in any manner affect the right of the plaintiff, there being no evidence that his agent ever adopted such representations, or had any knowledge of them.

2d. That if the defendant, in acting upon the plaintiff's application, and assuming the risk, chose to rely upon representations which had been made on behalf of other parties in their application to a different company for insurance, and without the knowledge of the plaintiff or his

agent, the rights of the plaintiff under the contract would not be affected thereby.

A judgment will not be reversed, because the Court below submitted a question of law to the jury, if it appear that the appellant was not injured thereby.

APPEAL from the Superior Court of Baltimore City.

The appellant in this case was sued by the appellee on a policy of insurance effected upon the steamer Richmond. The facts are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*L. L. Conrad* and *S. Teackle Wallis,* for the appellant.

*Geo. H. Williams* and *John H. B. Latrobe,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

At the trial of this cause, the Superior Court rejected the prayers on both sides, and gave instructions to the jury upon the law of the case. Two prayers having been asked by the appellant, the defendant below, of which the second was granted substantially and embodied in the Court's instructions, the only questions presented on this appeal arise upon the first prayer of the defendant, and the instructions given to the jury.

The suit was instituted upon a policy of insurance on the steamer Richmond, underwritten by the appellant. The only matter in controversy grew out of alleged misrepresentations affecting the risk, as to the age and rate of the steamer which had been made by Cole, the insurance broker, in his application to the Phœnix Insurance Company, for insurance on the same steamer in behalf of another party, and which it is alleged the appellant acted on, in executing the policy now in question.

The evidence was conflicting as to the truth of the alleged representations; no fraud or bad faith was charged against any of the parties concerned in procuring the policy.

But the defence rested on the ground that the appellee was bound by the representations made by Cole, and if they were relied on by the appellant in executing the policy, and were found by the jury to be untrue in any particular which they might find to be material to the risk, the appellee would not be entitled to recover, although they were made in good faith. This defence is presented by the appellant's first prayer.

The general proposition as to the effect of a material misrepresentation in avoiding the policy was not denied; but the particular point presented by that prayer, upon which the dispute arose, was whether upon the evidence of the witnesses Bedell and Cole, the appellee was bound in law by the representations alleged to be untrue. The evidence shows that Cole, an insurance broker in Baltimore, made an application to the Phœnix Insurance Company, of New York, for an insurance on the steamer Richmond, for and on behalf of Jacob Brandt, Jr. On that application was endorsed a description of the steamer stating her age, and her rate as "A, No. 1." Those representations as to her age and rate, though made in good faith, were alleged to be untrue, and evidence was offered tending to prove that she was much older, and her true rate was lower, and the single question arising upon the prayer was whether the appellee was bound by the representations so made.

There was no evidence that Carey, the appellee's agent, made any representations whatever to Cole, concerning the age or rate of the steamer, when he applied to him to procure insurance, or that he authorized Cole to make any representations to the appellant, or that he, Carey, had any knowledge that any representations on that subject had been made by Cole, to the Phœnix Insurance Company. All the evidence shows that in the application for insurance made by Cole, on the appellee's behalf, and in the procuring of the policy in

question, no representations whatever were made. The fact that the appellant in taking the risk, acted upon representations which had previously been made by Cole, to a different company, and in behalf of another party, with whom the appellee was not in privity, could not in any manner affect the rights of the appellee—there being no evidence that the appellee's agent ever adopted such representations, or had any knowledge of them.

The single fact upon which the appellant relies to hold the appellee bound by the representations made by Cole, is that when his agent, Carey, called on Cole for the purpose of obtaining insurance, he was informed by Cole that he had a negotiation pending in New York for insurance on the steamer for other parties, and would communicate with him when he heard from New York, about it. But Cole did not state that he had made any representations on behalf of such other parties, nor was Carey bound to inquire as to that matter, being a stranger to the transaction. His was a distinct and independent application on behalf of the appellee, unaccompanied by any representations whatever; and if the appellant, in acting upon that application and assuming the risk, chose to rely upon representations which had been made on behalf of other parties, in their application to a different company for insurance, and without the knowledge of the appellee or his agent, the rights of the appellee under the contract would not be affected thereby; and for these reasons we think the first prayer of the appellant was properly rejected.

The only error alleged by the appellant in the Court's instruction, consists in its having submitted to the jury to find, as necessary to the defence that the appellee adopted the acts of Cole in making the representations before spoken of. The objection to that part of the instruction taken at the trial, and relied on as cause for reversal, is that the Court thereby submitted to the jury a question of law.

If that were so, it would present no ground for a reversal in the present case, as the appellant could not have been injured thereby. *Hanson vs. Campbell,* 20 *Md.,* 223, 233.

Unless the acts of Cole had been adopted by the appellee, he was not bound by them. So far as such adoption was sought to be established as a legal inference to be deduced from the evidence, it was a question of law, and was correctly decided by the Court below in passing upon the appellant's first prayer.

And there being no evidence of any such adoption in fact, no injury could result to the appellant by reason of the Court's submitting that question to the jury.

*Judgment affirmed.*

(Decided 12th March, 1869.)