(Decided 13th March, 1869.)

GEORGE H. WILLIAMS, Executor of CORNELIUS McLEAN, *vs.* JAMES HIGGINS, and JAMES HIGGINS, Trustee.

*Practice in the Appellate Court — Principal and Agent—Liability of Agent—Ratification by Principal of the acts of his Agent—Due diligence.*

A judgment will not be reversed because of the improper admission of evidence, if the appellant were not prejudiced thereby.

If a party undertake, even voluntarily and gratuitously, to invest money for another, and disregards the positive instructions given as to the specific character of the security to be taken, he is liable, if the investment should fail.

If, however, after the investment be made, it is acquiesced in and sanctioned by the principal, with a full knowledge of the nature and character of the security taken, then the agent is not liable.

In the absence of specific instructions as to the security to be taken, if the agent in making the investment, though undertaken voluntarily and gratuitously, uses due diligence and exercises proper caution, he is not liable.

Williams, Ex'r, *vs.* Higgins, Trustee.

APPEAL from the Circuit Court for Anne Arundel County.

This action was brought by the appellee, in his individual capacity and as trustee for his wife, to recover from the appellant, as executor of Cornelius McLean, deceased, the sum of $1,500, with interest from the 10th July, 1860, alleged to have been placed in the hands of said McLean by Mrs. Higgins, wife of the appellee, to be invested by him in real estate for her use.

The suit was originally brought in the names of James Higgins and Eliza Higgins, as co-plaintiffs, but by admission of counsel, it was agreed that an amended *nar.* had been filed in the cause, naming the appellee as sole plaintiff, suing in his individual capacity, and also as trustee of his wife; and that said amended *nar.* after pleas had been filed and issue joined thereon, had been lost.

Judge TUCK being disqualified, by reason of having been counsel for the plaintiff, the Hon. JNO. THOMSON MASON was appointed as special Judge, before whom the cause was heard and tried, without a jury.

The appellee, upon the trial below, offered in evidence a receipt of the defendant's testator, by which it appeared that the amount placed in his hands by the plaintiff's *cestui que trust.*, "to be invested in mortgage on property of Newsham & Co.," was $2,196.20, of which it was admitted that the defendant's testator re-paid to Mrs. Higgins all but $1,500, the balance claimed in this suit. The plaintiff further proved that no such mortgage could be found in the office of the Clerk of the Superior Court of Baltimore city, where it should properly have been recorded, if it had been executed.

An exception was taken by the plaintiff to the competency and admissibility of the defendant, who was sworn as a witness and examined on his own behalf; but as judgment was rendered for the plaintiff, the question does not arise on this appeal.

Two exceptions were taken by the defendant: The first, to the competency of Mrs. Higgins, who was admitted "to give

Williams, Ex'r, *vs.* Higgins, Trustee.

testimony for the sole purpose of rebutting so much of the defendant's evidence as referred to the interview between Mrs. Higgins and Mr. McLean in her presence." The second, to the Court's rejection of his propositions of law. Propositions of law were submitted both by the plaintiff and the defendant, which were overruled by the Court, and the following announced as covering the case:

1. If the evidence establishes that the defendant's testator undertook, though he did so voluntarily and gratuitously, to invest the money of Mrs. Higgins, and that she gave to the defendant's testator express and positive instructions as to the specific character of the security which he was to take therefor, and he disregarded those instructions, then he is liable in this action.

2. If on the other hand Mrs. Higgins, after the investment was made, acquiesced in and sanctioned the same, with a full knowledge of the nature and character of the security taken, then the verdict must be for the defendant.

3. But if both these propositions should be negatived on the finding, then, if the evidence should establish that the defendant's testator undertook, though he did so voluntarily and gratuitously, to invest the money of Mrs. Higgins in safe and valuable securities, without any specific and binding instructions from Mrs. Higgings, and that he used due diligence and exercised proper caution in making the investment, the defendant is not liable in this action. But on the other hand, if he did not use proper care and diligence in making said investment, then the defendant is liable to the plaintiff in this action.

Judgment was rendered for $2,040, in favor of the plaintiff, and the defendant prosecuted this appeal.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*R. B. Taney Campbell* and *George H. Williams,* for the appellant.

*A. B. Hagner* and *Will. H. Tuck*, for the appellee.

BRENT, J., delivered the opinion of the Court.

The first exception taken by the appellant, who was the defendant below, was to the competency of Mrs. Higgins, who was allowed to testify upon the offer of the plaintiff. Conceding she was incompetent under the Act of 1864, ch. 109, section 2, a majority of this Court thinks it furnishes no sufficient reason for a reversal of the judgment. If the appellant was not prejudiced by the testimony, no matter how erroneously admitted, it forms no ground for a reversal. The numerous decisions of this Court have been uniform in establishing this practice, and it is too conclusively settled to admit of any doubt or question. It not only applies to the instructions given by the Court upon matters of law, but also to the admission of evidence. *Coale vs. Harrington*, 7 *H. & J.*, 157 ; *Duvall vs. Farmers' Bank*, 7 *G. & J.*, 60 ; *Clark vs. State, use of Darnall*, 8 *G. & J.*, 125 ; *Anderson vs. Garrett*, 9 *Gill*, 131 ; *Hanson vs. Campbell's Lessee*, 20 *Md.*, 233. If testimony is improperly admitted, but before the jury retires to make up their verdict, it is withdrawn by the Court, and the jury directed not to consider it, an objection to its admissibility in the first instance would not be cause for reversal — the presumption of law being that the jury acting in obedience to the instruction of the Court did not consider it, and the party excepting had sustained no injury. In this case the record shows, that the Judge below, who was acting in the capacity also of jury, did not consider the testimony of Mrs. Higgins, it being stated by him that it "had no weight in shaping the conclusion to which the Court has arrived upon the merits of the case." We cannot, with this part of the record before us, containing the solemn statement of an able and intelligent Judge, assume that he was in any manner influenced by the testimony in question, and that the appellant was in any way more prejudiced than if it had never been admitted.

Upon the second exception, which is taken to the rulings upon the law, this Court is unanimous in the conclusion that there is no error, and that the law, as stated, fully covered the case. The first proposition of the Court below announces the liability of the defendant's testator if he disregarded the instructions given him as to the investment of the money of the plaintiff, although he may have undertaken, voluntarily and gratuitously, to make the investment. The correctness of this law is fully supported by the decision of Chief Justice MAR-SHALL, in the well considered case of *Short vs. Skipwith,* 1 *Brock. C. C. Reps.,* 104, and does not require a further citation of authorities to sustain it. The objection, that there is no evidence in the case to support this legal proposition, is fully removed by the contents of the paper offered in evidence by the plaintiff, and proved to have been in the handwriting of Mr. McLean, in which he charges himself with "amount of money put in my hands to be invested in mortgage on property of Newsham & Co.," and the testimony that there was no such mortgage to be found among the records in the office of the clerk of the Superior Court of Baltimore City.

The second and third propositions laid down by the Court, contain in substance the rejected prayers of the defendant, with the necessary addition, that any ratification of an investment made, must be with full knowledge of the nature and character of the security taken, and in the omission of which the defendant's prayers were defective. These propositions certainly state the law most liberally for the defence, and cannot be regarded, in view of all the evidence, as prejudicing the rights of the defendant upon the merits of the case. They but announce the familiar rules of law, that an agent, whether voluntary and gratuitous or for compensation, is responsible for a want of proper care and diligence, and that the ratification by a principal, to be binding, must be made with a full knowledge of all the circumstances, where the acts of the agent were without authority. *Russell vs. Palmer,* 2 *Wilson,* 328; *Ireson vs. Pearman,* 3 *Barn. & Cress.,*

799; *Hart, et al. vs. Frame,* *al.,* 6 *Clark & Finnelly,* 210; *Hunter vs. Caldwell,* 10 *Adol.* *Ellis, N. S.,* 69; *Cox vs. Livingston,* 2 *Watts & Sargeant,* .03; 2 *Bouvier,* sec. 1318.

For these reasons a majority of the Court thinks the judgment below should be affirmed.

*Judgment affirmed.*

(Decided 13th March, 1869.)

ROBINSON, J., dissented.