JENNINGS
*vs*
MADDOX, &c.

Cross errors can-
not be assigned
after three years
elapse from the
rendering of the
judgment or de-
cree.

*Lindsey* for plaintiffs; *Pirtle & Speed* for defendants.

---

TRESPASS.

*Case* 105.

8bm430
123   656

*June* 26.

Case stated.

8bm   430
128   637

8bm430
133   391

## Jennings *vs* Maddox, &c.

### ERROR TO THE GARRARD CIRCUIT.

*Trespass.   Pleading.   Practice at law.*

JUDGE BRECK delivered the opinion of the Court.

THE plaintiff in error sued the defendants in trespass. The declaration contained two counts—trespass *quare clausum fregit* and trespass upon the person of the plaintiff.

The defendants filed nine pleas, and among them pleas of *liberum tenementum*, and a joint and several plea of not guilty.

Issues having been made up on all the pleas and a verdict and judgment having been rendered for the defendants, the plaintiff has brought the case to this Court.

Whether the Court below ruled the law correctly upon the trial, is the only question for consideration.

The declaration.

The declaration alledges that "the defendants, with force and arms, broke and entered the close of the plaintiff, in the county of Garrard, lying on the east fork of

Sugar creek, adjoining the land of Samuel Jennings and Walter Adams."

The plaintiff first introduced testimony conducing to prove that he owned and was in possession of the close described in the declaration, and that the defendants had committed the trespass thereon as alledged.

The defendants then proved that the defendant, Maddox, also, had a close in the county of Garrard, lying upon the east fork of Sugar creek, and adjoining the lands of Samuel Jennings and Walter Adams.

In this state of the pleadings and proof, the Court instructed the jury: "That if they believed that at the time of the alledged trespass in the declaration mentioned, the defendant, Maddox, owned land in Garrard county, on the east fork of Sugar creek, adjoining the lands of Samuel Jennings and Walter Adams, and that the defendant, Cook, had acted by the authority and the command, and as the servant of said Maddox, that in that case the law, under the pleadings in the case, was for the defendants, and that they should find accordingly."

This instruction was clearly erroneous.

As the defendant filed a general plea of not guilty, it threw upon the plaintiff the *onus* of proving his case. It gave him the right, or rather the other pleas, although all affirmative, did not deprive him of the right of opening and closing. He accordingly first introduced his testimony, which strongly, to say the least of it, conduced to prove the commission of the trespass, as alledged in the first count in his declaration, and upon his identical close as therein described. This testimony was properly before the jury, and proof by the defendants, that the defendant, Maddox, also owned and possessed another and different close, but of a similar description, viz: a close on the east fork of Sugar creek, adjoining the lands of Samuel Jennings and Walter Adams, did not have the effect to remove it from the jury, nor did that mere fact constitute any defense or oppose any obstacle whatever, to the plaintiff's recovery. Had, however, the defendants filed no plea of not guilty, and proved that the defendant, Maddox, had a

*Margin notes:*

Jennings
vs
Maddox, &c.

Plaintiff's evidence.

Defendant's evidence.

*unless plaintiff had new assigned.*

close of the description of the alledged close of the plaintiff, the rules of pleading would not have permitted the plaintiff to change the venue and prove the commission of a trespass elsewhere. He could not do this because he had not set out his own close by exact metes and bounds, and had joined issue upon the plea of *liberum tenementum*, without a *nove lassignment*. But thus precluded from proving a trespass upon his own close, he of course could not have recovered. But as he was entitled, indeed compelled by the pleadings first to introduce his testimony, he could prove a trespass upon his own close as alledged, and thereby confine the defendants in their proof, to such location of it; nor is there any thing in this view of the case, in conflict with the principles settled and recognized in *Tribble* vs *Frame*, (7 *Monroe*, 529.) In that case pleas of *liberum tenementum*, so far as appears, were the only pleas.

*Vindictive damages may be given where a trespass is committed wilfully, and in a highhanded threatening manner.*

The first instruction to the jury, given on the defendant's motion, was substantially correct. The Court was also right in refusing the second instruction asked by the plaintiff. The first, with a slight qualification in regard to the last clause, should have been given. If the defendants, knowingly, opened the road over the plaintiff's land, where it had not been viewed, and against his consent, and in a highhanded and threatening manner, the jury might, certainly, have found vindictive damages, and with such qualification, the instruction should have been given.

The judgment is reversed and the cause remanded, that a new trial may be granted without the payment of costs, and for further proceedings consistent with this opinion.

*Dunlap* for plaintiff; *Turner and Burton* for defendants.