CASE 31—PETITION ORDINARY—JUNE 30.

## Chiles vs. Drake.

### APPEAL FROM MASON CIRCUIT COURT.

1. The statute of limitations must, if relied upon, be pleaded by the defendant unless the petition shows that the action is barred by time, and that the plaintiff is not within any of the exceptions mentioned in the statute, when any exceptions are contained in the statute which prescribes the limitation. It is not necessary that the plaintiff should allege in the petition that the action has been brought in due time, although the statute under which the action is brought contains the limitation.

2. In actions for personal injuries, resulting from negligence, it is sufficient for the plaintiff to allege in general terms that the injury complained of was occasioned by the carelessness and negligence of the defendant. He is not required to state the circumstances with which the infliction of the injury was accompanied in order to show that it had been occasioned by negligence. An allegation of the extent of the injury, and of the manner in which it was inflicted, has been always regarded as sufficient. (2 *Chitty on Pleading*, 650.)

3. A petition by an administratrix alleged that the defendant, by means of his *willful neglect*, shot and killed her said husband, to her great damage, &c. *Held*— Sufficient without setting forth the facts which constituted the *willful neglect*.

4. The act entitled "An act for the redress of injuries arising from the neglect or misconduct of railroad companies, or others," (*Sess. Acts*, 1853–4, *vol.* 1, *p.* 175,) is not in conflict with the 37th section of the 2d article of the constitution, which declares that "no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title." The subject of the act is the redress of injuries to life resulting from negligence, which is clearly expressed in the title. No other subject is embraced by the act, nor does it contain any provision that does not relate to that subject. The fact that a remedy for such injuries was furnished against natural as well as artificial persons, does not impart to it the character of a law embracing various and distinct subjects.

5. Conceding that it is against the spirit of the constitution to inflict more than one punishment for the same offense, still, a law which authorizes a civil action for the recovery of punitive damages by the personal representative of one killed by the willful neglect of another, is not liable to condemnation, even though the defendant be liable to indictment for the same offense.

6. Punitive, vindictive, and exemplary damages are, in legal contemplation, synonymous terms.

7. The right of a plaintiff to recover vindictive damages for personal injuries where the commission of the act complained of is accompanied with circumstances of aggravation, has been repeatedly recognized, and must now be regarded as a settled rule of law in Kentucky.

8. The term punitive damages in the statute allowing a civil action by the personal representative of one killed by the willful neglect of another, does not exclude the idea of damages for compensation. The damages are allowed as compensation for the loss sustained, but the jury are permitted to give exemplary damages on account of the nature of the injury.

9. That an instruction given at the instance of the defendant is not sufficiently explicit cannot afford him any cause of complaint.

10. Reputation and cohabitation are admissible, in civil cases, to prove the existence of the relation of husband and wife.

11. Where a petition contains causes of action which could not be properly joined in the same action, the objection to the defect is waived by the failure of the defendant to move the court to correct the error before filing his answer; and the waiver remains, even if the defendant is permitted to withdraw his answer. And, moreover, the court having, by its instructions to the jury, confined plaintiff's right of recovery to one cause of action alone, the defendant was not prejudiced.

12. In an action by an administratrix to recover damages for the killing of the intestate, her husband, by the willful neglect of the defendant, the facts proved (recited in the opinion) showed that the killing, although not intentional, was the result of perfect recklessness, and as such, rendered the defendant liable for the civil injury produced by his willful negligence. The verdict for $1,000 is not excessive, even if punitive damages were not allowable.

R. H. STANTON and F. T. HORD, for appellant, cited *Angell on Limitations*, 377; 6 *Paige Ch. Rep.*, 195; *Story's Eq. Pl.*, 389, 390; 4 *Wash. Cir. Ct. Rep.*, 631; 4 *Yerger*, 94; 1 *Abbott*, 376; 20 *Barbour*, 441; 21 *Ib.*, 245; *Constitution Ky.*, art. 2, sec. 37, *and* art. 13, secs. 13, 14; 4 *Cush.*, 273; 4 *Taunt.*, 355; 4 *Denio*, 461; 2 *Woodbury & Minot*, 122; 2 *Greenleaf, p.* 250, *note;* 6 *B. Mon.*, 303; 5 *Louisiana Rep.*, 93.

W. H. WADSWORTH, for appellee, cited *Civil Code, secs.* 113, 114, 161; *Act of* 1856, *Sess. Acts* 1855–6, *p.* 96; *Act of* 1854, *Sess. Acts* 1853–4, *vol.* 1, 175; 6 *Hill*, 465; *Appendix to* " *Sedgwick on the Measure of Damages.*"

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought by Elizabeth W. Drake. She stated in her petition that she was the widow of George Drake, deceased, and had duly qualified as his administratrix.

She alleged, in the first paragraph in her petition, that the defendant, Chiles, "had unlawfully killed, by shooting him with a pistol, her said husband, George Drake, not in self-defense."

In the second paragraph she alleged that the defendant, " by means of his willful neglect, shot and killed her said husband, to her great damage, &c."

The defendant demurred to the petition, and his demurrer was overruled. It is now insisted that the court below erred in that decision.

Two objections are urged against the petition. First, that it does not allege that the killing occurred in the time allowed by the statute for the prosecution of such an action. Second, that it fails to set forth the facts which constituted the " willful neglect," by which the life of the husband of the plaintiff is alleged to have been destroyed.

*First.* The statute under which the action was brought, and recovery had, contains a provision that all actions brought under it shall be commenced within one year from the time of the death complained of. It is therefore contended that it was necessary for the plaintiff to allege, in order that it might appear she had an existing cause of action, that the killing had occurred within one year next preceding the commencement of her action. The provision referred to constitutes the whole of the fourth section of the act, and is as follows : " The actions under this act shall be commenced within one year from the time of such death."

This provision is nothing more than a limitation of the time within which such an action can be brought. It is no more necessary that the plaintiff in an action like the present should allege in her petition when the cause of action accrued, in order to show that it is not barred by the statute of limitations, than it is that it should be done by the plaintiffs in other kinds of actions. The statute of limitations being regarded as a matter of strict defense, must, if relied upon, be pleaded by the defendant in all actions, unless the petition shows that the action is barred by time, and that the plaintiff is not within any of the exceptions mentioned in the statute, when any exceptions are contained in the statute, which prescribes the

limitation. It is not nec essary that the plaintiff should allege in the petition that the action has been brought in due time. This objection to the petition cannot therefore be allowed to prevail, but must be deemed invalid.

*Second.* In actions for personal injuries, resulting from negligence, it has always been regarded as sufficient for the plaintiff to allege, in general terms, that the injury complained of was occasioned by the carelessness and negligence of the defendant. He has not been required to state the circumstances with which the infliction of the injury was accompanied, in order to show that it had been occasioned by negligence. An allegation of the extent of the injury, and of the manner in which it was inflicted, has been always regarded as sufficient. (2 *Chitty on Pleading*, 650.)

What constitutes " willful negligence" must be determined by the jury, with the aid of the court. It is not a mere *matter of law*, but a matter of fact as well as of law. The injury complained of was the killing of the plaintiff's intestate. The manner of its infliction was by shooting. The shooting and killing were occasioned, as alleged, by the " willful neglect" of the defendant. These facts were all set forth in the petition, and nothing more was necessary. The second objection to the petition is therefore also unavailing.

Another question was made upon the trial, which properly arises on the demurrer to the petition. It was contended on behalf of the defendent that the act of the Legislature, under which this action was brought by the plaintiff, was unconstitutional, because it was in conflict, as alleged, with that provision of the constitution which is contained in the 37th section of the 2d article, and which declares that " no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title."

The action was brought under two acts of the Legislature, one of which was passed in March, 1856, (*Session Acts* 1855–56, *page* 96,) and the other in March, 1854, (*Session Acts* 1853–54, *vol.* 1, *p.* 175.) As, however, the court below decided that the plaintiff could not recover on the first paragraph in her petition, and so instructed the jury, by which instruction her right to

maintain her action was restricted to the act last mentioned, we will confine our examination of the constitutional objection exclusively to that act.

The title of the act reads as follows, viz :  " An act for the redress of injuries arising from the neglect or misconduct of railroad companies or others."

The first two sections of the act relate to the destruction of the life of persons or of stock through the negligence or carelessness of the agents or servants of railroad companies.

The third section under which this action was brought reads as follows, viz :

" That if the life of any person or persons is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid."

The only object contemplated by the statute is the redress of injuries to the life of persons or of stock, occasioned by negligence.  It provides a remedy for such injuries, whether inflicted by corporations or by natural persons.  That, however, does not change its character or make it relate to more than one subject.  The redress of injuries consisting in the destruction of life resulting from negligence, is the exclusive subject to which all the provisions of the statute relate.  The persons by whom such injuries may be inflicted are enumerated in the act, but they cannot, with any propriety, be regarded as the subject to which it relates.  The object the legislature had in view in its enactment was to provide a remedy for certain injuries, and it contains nothing but what was necessary to effect that object.  The fact that a remedy for such injuries was furnished against natural as well as artificial persons, does not impart to it the character of a law which embraces various and distinct subjects.  The subject is the redress of injuries to life resulting from negligence.  No other subject is embraced by the act, nor does it contain any provision that does not relate to that subject.

Chiles vs. Drake.

The subject of the act, as thus defined, is clearly and fully expressed in its title. It is not, therefore, embraced by the constitutional prohibition relied on, and the decision of the court below, that it was not unconstitutional, was correct.

It is also contended that this law is liable to another constitutional objection. The act of the defendant for which it authorizes an action to be brought, and punitive damages recovered, is, according to the argument in support of this objection, an offense for which he is criminally responsible, and, therefore, if he can be subjected to punitive damages in this action, he may be punished twice for the same offense, in direct contravention of the constitutional provisions on that subject.

This argument is evidently based on a misconception of the meaning of the expression *punitive damages*, contained in the act.

The act authorizes a recovery of punitive damages for the injury sued for. The plaintiff is authorized to recover damages for the injury sustained, and those damages are to be vindictive, or, in other words, they are to be punitive. The recovery is for the loss sustained; but the damages to be allowed therefor are to be exemplary. This is the sense in which the word punitive has been frequently used by this court, and it is evidently the sense in which it was used by the legislature. Punitive, vindictive, and exemplary damages, are all synonymous terms.

It will hardly be contended that a plaintiff cannot recover vindictive damages in an action for an assault and battery, committed with circumstances of aggravation, although the defendant might be indicted for the same offense. The recovery, in one case, is for the private injury, and in the other, the punishment is inflicted for the public wrong. Vindictive damages operate, it is true, by way of punishment, but they are allowed as compensatory for the private injury complained of in the action. They are allowed because the injury has been increased by the manner it was inflicted.

Conceding that it is against the spirit of the constitution to inflict more than one punishment for the same offense, still, the law which authorizes this action and the recovery therein of

punitive damages, is not liable to condemnation. Its object is not to inflict a penalty, but to remunerate for the loss sustained. Every recovery for a personal injury, with or without vindictive damages, operates in some degree as a punishment, but it is a punishment which results from the redress of a private wrong, and does not, therefore, violate either the meaning or spirit of the constitution.

It is enacted by the Revised Statutes (*chap.* 28, *sec.* 4) that "the commission of a felony shall not stay or merge any civil remedy of the party aggrieved against the felon." This enactment is merely declaratory of the law as it previously existed in this State. (*Eden vs. L. & F. Railroad Company*, 14 *B. Mon.*, *p.* 205.) If, therefore, the act of the defendant, by which the plaintiff's husband lost his life, amounts to a felony, or if it be punishable as a misdemeanor, which we do not undertake now to decide, still the plaintiff can maintain her action, and recover punitive damages for the civil injury.

We are apprised of the decisions on this subject in which it has been held that vindictive damages cannot be recovered in an action for an injury which is also punishable by indictment. (*Austin and wife vs. Wilson and wife*, 4 *Cush.*, 273 ; *Whitney vs. Hitchcock*, 4 *Denio*, 461.) Whether such damages can be legally awarded in any case, is a question about which different and conflicting opinions have prevailed. The arguments and authorities on both sides of this question can be found in 2 *vol. Greenl. on Evidence*, *p.* 250, *note, and Sedgwick on Damages, pp.* 37 *and* 453.

✝ The right, however, of the plaintiff to recover vindictive damages for personal injuries, where the commission of the act complained of is accompanied with circumstances of aggravation, has been repeatedly recognized by this court as proper, and this must now be regarded as a settled rule of law in this State.

This rule, when properly understood, is, in our opinion, supported by principle and analogy, and has a decided preponderance of authority in its favor. The arguments used in opposition to the rule proceed on the erroneous assumption that vindictive damages are inflicted by way of criminal or penal

punishment, and are not given by way of compensation for the injury complained of. Such damages may operate by way of punishment, but they are allowed by way of remuneration for the wrong suffered. They are proportioned to the aggravating circumstances and willful and reckless character of the act which occasioned the injury to the plaintiff. They are discretionary with the jury, as the damages for personal injuries always are. The actual damages which are sustained in such cases cannot be measured or determined by any certain criterion, but have to be fixed by the jury on a proper consideration of all the circumstances of the case. Where the element of willful negligence, malice, or oppression intervenes, the law permits the jury to give what is termed punitory, vindictive, or exemplary damages; and such damages, although given to recompense the sufferer, do inflict a punishment upon the offender. But such is the effect of every judgment for damages which is rendered in an action for an injury to the person; and there would be as much propriety in the argument that, as damages in such cases always operate as a punishment, the offender, if the act be one for which he is liable to be indicted, will be thereby twice punished for the same offense, as there is that such an effect is produced when the damages are increased and made exemplary on account of the reckless conduct of the offending party.

This reasoning furnishes a sufficient answer to the objection made to the following instruction which the court gave to the jury, viz: that "by punitive damages is meant exemplary damages, by way of smart money, as well as those given by way of compensation."

It is contended that the term punitive damages excludes the idea of damages for compensation, and consequently, if any recovery can be had under the act, it must be for punitive damages alone, and nothing can be allowed for the purpose of remuneration.

This, however, is a mistaken view of the meaning of the statute in authorizing the recovery of punitive damages against the offending party. The damages are allowed as compensation for the loss sustained, but the jury are permitted to give

exemplary damages on account of the nature of the injury.
It is therefore the increase of the damages resulting from the
character of the defendant's conduct that is denominated
punitive or vindictive. And as this was the idea which the
instruction of the court conveyed to the jury of the meaning
of punitive damages, the instruction was correct.

The appellant also complains of the failure of the court to
explain to the jury the meaning of the expression "willful
neglect."

The court, at his instance, instructed the jury that the plain-
tiff could not recover in this action if the *death* was accidental,
not premeditated, and not produced by willful neglect. This
was the only instruction which the court was asked for upon
this subject; and if any additional explanation was deemed
necessary, the court should have been requested to give it.
There is not, therefore, any cause of complaint on this ground.

Reputation and cohabitation are admissible in civil cases to
prove the existence of the relation of husband and wife. The
evidence which was objected to on the trial was of this char-
acter, and the objection to it was properly overruled.

If the plaintiff's petition contained causes of action which
could not be properly joined in the same action, all objections
to this defect were waived by the failure of the defendant to
move the court to correct the error before he filed his answer.
The subsequent motion was made too late, inasmuch as the
objection had been waived, and the waiver would have re-
mained, even had the defendant been permitted to withdraw
his answer. The misjoinder of causes of action, if one existed,
did not, however, prejudice the appellant, as the court instructed
the jury that the plaintiff could not recover on the cause of
action contained in the first paragraph of the petition, and
thereby confined her right of recovery to one cause of action
alone.

It appeared upon the trial that the defendant improperly
presented a loaded pistol in a room where many persons were
present, and that whilst he held it in his hand it was dis-
charged, the load striking and killing the plaintiff's husband.
The individual killed was not the person with whom the defend-

ant was quarreling, nor the person whom he intended to injure; but the act of drawing and presenting a loaded pistol, with an intention to use it in a room where many persons were together, manifests such an utter disregard of the consequences that might result from the use of the weapon, as leaves the party without any excuse for his conduct. The killing, although not intentional, was the result of perfect recklessness, and as such rendered the defendant liable for the civil injury which was produced by his willful negligence.

The verdict was for one thousand dollars in damages. It cannot be regarded as excessive, even if punitive damages could not be allowed in such a case. Nor does there seem to be any valid objection to the judgment of the court below.

Wherefore, the judgment is affirmed.