JOHN A. CODMAN & others *vs.* WILLIAM EVANS.

If land is conveyed bounding upon a way, the question whether the grant extends to the side or centre line thereof depends in each case upon the intent of the parties as expressed in the descriptive parts of the deed, and explained and illustrated by all the other parts thereof, and by reference to the localities and subject-matter to which it applies.

A grant of a lot of land, bounded southerly on a passage way lying between the land conveyed and a house owned by the grantor; described by measurements which exclude the passage way; and made by a deed of conveyance which contains a provision that the grantee and his heirs and assigns shall have the use of the passage way situated between the land conveyed and the house referred to, and that the grantor, his heirs, assigns and tenants of his other estates, shall also have equal use and improvement thereof, and in which reference is made to a plan upon which the lot is drawn as distinct from the passage way, and with courses and distances corresponding with those mentioned in the deed, passes a title only to the side line of the passage way.

Tort for the erection of a dwelling-house with bay-windows projecting so as to overhang the plaintiff's land. The following facts were agreed:

In 1811, John Amory, being the owner of a number of lots on Common Street, now Tremont Street, in Boston, and of a passage way on the south side thereof, which separated them from other land owned by him, conveyed one of the lots to John T. Apthorp by a deed of warranty, the material portions of which are copied in the margin.* The defendant now owns the title thus conveyed; and the plaintiffs own the title left in Amory to the passage way south of the lot conveyed, and the land on the other side thereof. Upon the plan the lines of the several lots, and of the two passage ways referred to, are marked out. The passage way in dispute leads from Common Street easterly, along the south line of the lot conveyed to Apthorp, until it connects with the other passage way in the rear. In 1859, the defendant took down a house then standing upon his lot, and erected a new one, the outer walls of which stand upon the same lines as those of the former house, and built bay-windows projecting over the passage way, and of sufficient height above it not to interfere with the passage of vehicles. If, upon the true con-

---

* " Lot called number five, bounded westerly in front on Common Street, there measuring thirty feet, northerly on lot number four this day conveyed by said Amory to John Bellowes, there measuring eighty seven feet six inches, easterly on an open piece of land or passage way, there measuring twenty three feet eight inches, southerly on a certain nine feet passage way, or open piece of land, lying between the land herein conveyed and the house of said Amory, occupied by the widow Leverett, the said southerly line making an elbow at the distance of forty six feet from Common Street, said lot there being twenty eight feet three inches broad." Said Apthorp, his heirs and assigns, " shall have the use and benefit of one other passage way of nine feet in width, communicating with the one aforementioned and Common Street, and situate as aforesaid between the land herein conveyed and house occupied by the widow Leverett, which last-mentioned passage way is to be only of the width of nine feet, and it is understood that said Amory, his heirs and assigns or tenants of his other estates shall also have equal use and improvement of both the aforegoing passage ways." " The above house and passage ways are hereby described according to a plan of the same subscribed by the several grantees of said lots, to which reference is had."

struction of the deed from Amory to Apthorp, and the foregoing facts, the plaintiffs are entitled to recover, judgment shall be entered for them for one dollar damages and costs; otherwise for the defendant, without costs.

Upon the above agreement, judgment was ordered in the superior court, by *Brigham,* J., for the plaintiffs, and the defendant appealed to this court.

*C. A. Welch & W. S. Dexter,* for the plaintiffs. 1. In every case of a conveyance of land described as bounded by a passage way, the question whether the boundary of the granted land is the side line or the centre line of such passage way, is one of construction, depending upon the intent of the parties as expressed in the descriptive part of the deed, explained by all the other parts of the conveyance, and by the localities and subject-matter to which it applies. *Webber* v. *Eastern Railroad,* 2 Met. 151. *Parker* v. *Framingham,* 8 Met. 266. *O'Linda* v. *Lothrop,* 21 Pick. 292. *Newhall* v. *Ireson,* 8 Cush. 595. *Sibley* v. *Holden,* 10 Pick. 249. *Tyler* v. *Hammond,* 11 Pick. 193. *Phillips* v. *Bowers,* 7 Gray, 24. *Child* v. *Starr,* 4 Hill, 382. *Murdock* v. *Chapman,* 9 Gray, 156. 2. The intent of the parties to the deed in question, as expressed in the whole conveyance, and explained by the plan referred to in the deed and subscribed by the grantees, is clearly to exclude the whole of the passage way. *Morgan* v. *Moore,* 3 Gray, 320. *Blaney* v. *Rice,* 20 Pick. 62. *Davis* v. *Rainsford,* 17 Mass. 211, and cases before cited.

*G. O. Shattuck,* (*P. W. Chandler* with him,) for the defendant. 1. It is settled that, by a deed bounding on or by a public or private way, the grantor conveys the fee to the middle of the way. *Newhall* v. *Ireson,* 8 Cush. 595. *Fisher* v. *Smith,* 9 Gray, 441. *Phillips* v. *Bowers,* 7 Gray, 24. *Winslow* v. *King,* 14 Gray, 321. *Cold Spring Iron Works* v. *Tolland,* 9 Cush. 492. The boundary in this case is on a passage way. 2. The reference in the deed to the plan does not determine the construction to be given to the language. The passage way is the monument which is shown on the plan. The language is " the above house and passage ways are hereby described according to a plan." If the boundary had been on a stream or wall, and the

side lines of the stream or wall had been shown on the plan, would not the boundary have been by the middle of the stream or wall? The lines of a plan are not monuments. A plan must be located by the aid of monuments. *Herring* v. *Fisher*, 1 Sandf. 344, 349. *Hammond* v. *McLachlan*, 1 Sandf. 323, 343.

CHAPMAN, J. Where land is granted bounding upon a way, public or private, the question whether it extends to the side line or the centre line of the way is a question of construction in each particular case, and depends upon the intent of the parties as expressed in the descriptive part of the deed, explained and illustrated by all the other parts of the conveyance, and by the localities to which it applies. This position is sustained by the authorities cited on the plaintiffs' brief, and is stated substantially in the language of *Shaw*, C. J. in *Webber* v. *Eastern Railroad*, 2 Met. 151. Its application to the deed of Amory to Apthorp is to determine this case.

The lot in question is conveyed with other land, and is described as being " called number five." It is bounded " northerly on lot number four this day conveyed by said Amory to John Bellowes." As the lots on the plan hereafter mentioned are not numbered, we learn from this description which lot the parties called " number five," there being no dispute as to which lot was conveyed to Bellowes. The measurements of the lot are next given in feet and inches, and they correspond with the lines as marked on the plan. This fact has some tendency to show that those lines are the boundaries of the lot; but distances are so often found to be erroneously stated, that they are not relied upon with much confidence.

The description continues, " southerly on a certain nine feet passage way, or open piece of land, lying between the land herein conveyed and the house of said Amory, occupied by the widow Leverett." This language excludes the passage way from the lot granted; for if the way lies between the lot conveyed and the house mentioned, the lot is external to the way. It then proceeds, " the said southerly line making an elbow at the distance of forty six feet from Common Street, said lot there being twenty eight feet three inches broad." The descrip-

tion of the elbow corresponds with the south line marked on the plan and with nothing else. We must reject it if we ex-. tend the lot to the middle of the passage way.

The grantor covenants that Apthorp, his heirs and assigns, "shall have the use and benefit of one other passage way (referring to this one), of nine feet in width, communicating with the one aforementioned and Common Street, and situate as aforesaid between the land herein conveyed and house occupied by the widow Leverett, which last-mentioned passage way is to be only of the width of nine feet, and it is understood that said Amory, his heirs and assigns or tenants of his other estates, shall also have equal use and improvement of both the aforegoing passage ways." This grant of "the use and benefit" of a passage way imports only the grant of an easement. It has an equal application to all the parts of the nine feet in width. The words which follow restrain the grant from being exclusive, and declare that it is to be in common with the grantor, his tenants, heirs and assigns. They do not import a reservation of a right of way over land of which the fee is granted.

The description ends as follows : " The above house and passage ways are hereby described according to a plan of the same subscribed by the several grantees of said lots, to which reference is had." Where there is nothing to indicate the contrary, the external lines of a lot, as marked on a plan referred to, are presumed to be the boundaries of the lot. In this deed there is nothing to indicate that the lot extends beyond the lines; but the clauses above referred to, which are all that are material in deciding the question, indicate quite plainly that the fee was not granted in any part of the passage way.

The grantees of an easement are limited to the use granted. *Atkins* v. *Bordman*, 2 Met. 457. They are liable to an action for any unauthorized use. *Appleton* v. *Fullerton*, 1 Gray, 186. The erection of a bay-window over the soil is a tort for which an action lies, though the damage may be merely nominal, for it invades the plaintiffs' right.

*Judgment for the plaintiffs; damages one dollar, by agreement*