*L. B. Grigsby, for appellants. James Simpson, for appellee.*

---

## JAMES WALSH v. JAMES M. POWERS.

**Damages—Pleading—Proof.**

Unless plaintiff seeks to recover punitive damages, it is not necessary to prove that the injury complained of was inflicted either purposely or wantonly.

**Pleading.**

In actions for injuries to the person neither motive, interest nor the circumstances under which the injury was inflicted need be pleaded.

**Pleading.**

In actions for injuries to person an averment of the extent of the injury and the manner of its infliction is sufficient.

APPEAL FROM OWEN CIRCUIT COURT.

January 11, 1876.

OPINION BY JUDGE LINDSAY:

It was not necessary in this case to order or prove that the injury complained of was inflicted either purposely or wantonly, unless the complainant desired to recover punitive damages; and even in that view, proof of circumstances of aggravation would have been sufficient, upon a simple averment of negligence.

In actions for injuries to the person, neither motive, interest, nor the circumstances under which the injury was inflicted need be stated. An allegation of the extent of the injury, and the manner of its infliction is sufficient, and when it is the result of negligence or carelessness the charge is sufficient if made in general terms. *Louisville, Cincinnati & Lexington R. Co. v. Case's Admr.,* 9 Bush 728; 1 Chitty's Pleading 388; 2 Ib. 650; *Chiles v. Drake,* 2 Met. 146.

Instruction No. 2 correctly defines the rule by which proper compensation is to be determined in such a case as this. *Louisville, Cincinnati & Lexington R. Co. v. Case's Admr.,* 9 Bush 728. The instruction asked by appellant was properly refused. Admitting his entire innocence of an intention to injure the appellee, yet as he acted negligently, he must compensate the latter for the injury resulting from such negligence.

Judgment *affirmed.*

*J. D. Lillard, for appellant.*
*A. P. Grover, H. P. Montgomery, for appellee.*