## CHICAGO, ST. L. & N. O. R. Co. *v.* M. F. COFFEE.

[Abstract Kentucky Law Reporter, Vol. 7—451.]

### How Instructions are Made Part of the Record on Appeal.

Instructions given at the trial should be identified by their being made a part of the record by an order of court, or they should be shown in the bill of exceptions signed by the trial judge.   Instructions will not be considered on appeal when not made a part of the record as above shown.

### Misconduct of Attorney in Argument.

When misconduct of a party is assigned as error, it being claimed that his attorney was guilty of such misconduct in his argument, it will not be considered an appeal when the record fails to disclose the fact that any exception was taken to the ruling of the court thereon.

### No Reversal of the Evidence When Verdict is Not Palpably Against the Evidence.

The Court of Appeals will not reverse unless the verdict is clearly and palpably against the evidence.

APPEAL FROM BALLARD CIRCUIT COURT.

December 10, 1885.

OPINION BY JUDGE LEWIS:

M. F. Coffee instituted this action to recover of the Chicago, St. L. &c. R. Co. damages for a personal injury alleged in the petition to have been done to him by being wilfully and wrongfully thrown from a train of cars while in motion, wherein he was a passenger, by an employe of the defendant, who was at the time acting within the scope of his authority as brakeman.   The jury having rendered a verdict in favor of the plaintiff for $1,000, and judgment having been entered accordingly, the defendant appeals.

The two instructions complained of, A and B, are not included in the bill of exceptions nor identified except by a note of the clerk that they may be found on certain pages of the transcript. By reference to the pages mentioned, we find it recited that the court gave instructions A, B and C, to which the parties excepted, and following is another note of the clerk as follows: "Instructions A, B and C, mentioned in the above order, are as follows," and then follows the instructions.

This court has held that instructions should be identified by making them part of the record by an order of court, or they should be introduced in the bill of exceptions signed by the judge. *Forest v. Crenshaw*, 81 Ky. 51, 4 Ky. L. 596, 4 Ky. L. (abstract) 613; *Meaux v. Meaux*, 81 Ky. 475, 5 Ky. L. 548. The instructions are not attempted to be brought before this court in either manner mentioned in these cases, and hence we can not consider them.

It is assigned as error that counsel for the plaintiff in his closing argument was guilty of misconduct. But as no exception appears to have been taken to the ruling of the court thereon we can not consider that as a ground for reversal.

The ground upon which counsel seem mainly to rely is that there was not sufficient evidence to support the verdict. The testimony of the plaintiff is, in substance, that he boarded the train of the defendant at a depot, taking his position on the rear platform of the hindmost car; that he asked the man what he would charge to carry him to another station named, and, being told 50c., he handed it to him and was then told it was 55c; that he, the plaintiff, then told the man that he had said 50c, and he thought he ought to abide by it, wherefore he then took the plaintiff by the shoulders and shoved him off the train, and he lay where he fell, senseless, until one Snyder came and helped him up. The other witnesses testify that on the occasion referred to by the plaintiff they saw some man put his hands on plaintiff's shoulders and shove him off the train while it was in motion, and one of them, Snyder, says he immediately went to the place where plaintiff fell and assisted him.

On the other hand several witnesses testify they were looking at the plaintiff at the time and he was not pushed off the train by any one, but jumped off of his own accord. Among those who so testify is the brakeman, Heagins, who it is alleged in the petition seized the plaintiff and threw him off the car. It will be observed

that neither the plaintiff himself, nor either of the other two witnesses who testify he was thrown or pushed from the train, undertake to give the name of the person who did it, nor do either of them expressly state that he was an employe of the defendant. It is therefore contended that there is no evidence showing that, even if the plaintiff was actually pushed or thrown off the train while it was in motion, any agent or servant of the defendant did it.

The plaintiff testifies that the man who informed him what the fare was and took it from him was the same person who shoved him off the train. It seems to us that if there was no other evidence the plaintiff's testimony alone would be sufficient to show that the person who inflicted the injury to the plaintiff, if any one did, was in the service of the defendant, for it would be unreasonable to suppose that a stranger would, under the circumstances, undertake to personate an employe or that any one could be thus imposed on by a stranger.

Besides, three witnesses introduced by the defendant saw the plaintiff and the brakeman, Heagins, on the rear platform together, and also heard the latter, as the train passed them soon after leaving the depot, tell the former to get off the train if he had no money or ticket, and Heagins himself testifies that he was on the platform when the plaintiff left the train, and told him he could not ride and must get off. It is placed beyond all question that if the plaintiff was pushed or shoved off the train by any person at all, it was done by the brakeman, Heagins, for there is no suggestion or even the slightest room for suspicion, that any one else did so or had any motive to do it.

The only inquiry about which there can be any reasonable doubt is whether the plaintiff jumped from the train at the request or command of the brakeman, Heagins, or was pushed or thrown from it by him. That question was determined by the jury in favor of the plaintiff, and as the unimpeached eye-witnesses, besides the plaintiff himself, testify distinctly and unequivocally that they were in a position to see and did actually see the plaintiff pushed or shoved off the train at the time and place mentioned, we do not feel authorized to say the verdict is clearly and palpably against the evidence, and therefore can not disturb it without invading the province of the jury.

Judgment *affirmed.*

*A. Duvall, White & Reeves, for appellant.*
*Wm. Lindsay, for appellee.*