Case 87.—ACTION BY STEPHEN SHEWMAKER BY NEXT FRIEND AGAINST JOHN DOERHOEFER FOR DAMAGES FOR ASSAULT AND BATTERY.—Oct. 31.

## Doerhoefer v. Shewmaker, &c.

Appeal from Jefferson Circuit Court (Common Pleas Branch, 3d Division.)

MATT O'DOHERTY, Judge.

Judgment for Plaintiff. Defendant appeals. Affirmed.

1. Action for Assault and Battery—Answer Confessing Assault—Burden of Proof—In an action for damages for assault and battery, an answer which confesses the assault and battery, and affirmatively pleads the particular facts and circumstances which provoked it and denies any injury or damages, does not entitle the defendant to the burden of proof.

2. Same—Proof by Plaintiff—Necessity for—In an action for assault and battery where the facts pleaded in the answer do not amount to justification, or a plea in avoidance, the plaintiff in order to recover even compensatory damages had to prove the nature and extent of his injuries, which include mental and physical suffering, and in order to recover exemplary damages it was necessary for him to prove malice or wantonness on the part of his assailant.

3. Same—Instruction to Jury—In an action for damages for an assault and battery where the facts pleaded in the answer do not amount to justification or a plea in avoidance, the court properly instructed the jury "to find a verdict for the plaintiff in such sum as will fairly and reasonably compensate him for any pain and suffering, mental or physical, resulting to

Doerhoefer v. Shewmaker, &c.

him directly from the assault, and for any humiliation of his feelings caused thereby; and the jury may, in their discretion, award in addition such punitive or exemplary damages as they may think proper under all circumstances of the case not exceding the sum of $10,000, claimed in the petition."

4. Same—Trial in Criminal Court—Double Punishment—The fact that a defendant has been tried and fined in a criminal court for an assault and battery will not exempt him in a civil action for the same assault, from liability for exemplary or punitive damages to the person injured, on the ground that it subjects him to double punishment.

5. Misconduct of Counsel in Argument—Failure to Except at Time—Alleged misconduct of counsel in argument to the jury can not be considered on appeal unless objected to at the time and the court asked to admonish the jury to disregard same.

6. Excessive Verdict—A verdict of $5,000 is not excessive in a civil action for assault and battery on a boy fifteen years of age, by a full grown man twenty-four years of age of athletic build and great strength, where it is shown by the evidence that it was wantonly and maliciously committed and will probably result in permanent impairment to his eyesight.

7. Obscene Language—The use of obscene language will not justify an assault and battery though such language may be considered by the jury in mitigation of damages.

KOHN, BAIRD & SPINDLE, S. E. SLOSS and R. E. GREENE for appellant.

## CONCLUSION.

Upon the whole case, we submit to the court that there are five good and sufficient reasons why the judgment should be reversed and this case sent back for a new trial. They are:

1. The appellant's constitutional right of immunity from double punishment has been violated.

2. His right to have a jury pass upon an issue of fact has been violated in a peremptory instruction of the court, which decided as a question of law that his conduct called for punitive damages and the jury might inflict them to any extent they chose, and without any' rule for their guidance.

3. He had the burden of proof, but was denied the concluding argument.

4. Tied by his respect for the decorum of the court, he was assaulted in its very presence, and the jury was permitted to hear evidence in argument that would not be permitted in testimony.

5. Inflamed by these errors, only an excessive verdict could be expected.

Any one of these objections is sufficient to warrant a new trial.

TARVIN & HUGGINS for appellant.

POINTS AND AUTHORITIES.

It is respectfully submitted to the Court:

AS TO THE BURDEN OF PROOF AND CONCLUDING AR-
GUMENT.

First—The answer does not present an affirmative defense.  It
does not contain a plea of son assault demense, and it does not
contain a plea of molliter manus imposuit.

Second—That the answer must be properly construed as a denial
of the assault and battery.

Third—That if it can be held that the answer does present an
affirmative defense; or, if it can be held that the answer is not a
denial of the assault and battery, still the denial of injury to the
plaintiff leaves the affirmative upon an essential issue, and the
burden of the whole case, upon the plaintiff.

Fourth—If it can be held, that on the whole case, the burden
was upon the defendant, then the failure of the defendant to in-
troduce any evidence in support of his affirmative plea, deprives
him of the right to the concluding argument to the jury; and, at
the least, the action of the trial judge in refusing him the closing
argument is not a reversible error.  In no event can it be held
that the trial court erred as to the burden and as to the concluding
argument to the jury unless it can be held; 1st, that the answer
presented an affirmative defense; 2nd, That evidence by plaintiff
that he was injured was not essential; and, 3rd, That the de-
fendant offered some evidence in support of his affirmative plea.

AS TO MISCONDUCT OF COUNSEL.

First—That the record does not show the language used by
counsel for plaintiff in the concluding argument to the jury.

Second—That if counsel for plaintiff in the concluding argument
to the jury used the language charged to him by counsel for de-
fendant, and if such language had been, at the time of its use,
objected to by defendant, and the objection overruled, the use
of the language and the action of the trial court would not afford
ground for reversal in this case.

Third—That the defendant did not, at the time of the conclud-
ing argument, or at any time during the trial, object to anything
said by counsel for plaintiff.

Fourth—That the trial court, in ruling upon the motion for
a new trial, did not indicate that it had in any manner considered

Doerhoefer v. Shewmaker, &c.

the affidavit filed by counsel for defendant as to language used by counsel for plaintiff in concluding argument to the jury; and that there is nothing for the consideration of this Court on this question in this record.

## AS TO EXCESSIVE VERDICT.

First—That there was evidence establishing the assault and battery; evidence establishing the aggravating circumstances of the assault and battery, and its wantonness.

Second—That there is evidence tending to establish the permanent injury to plaintiff because of the assault and battery, in the impairment of the vision of one eye.

Third—That the plaintiff was entitled to recover for pain and suffering, for the humiliation, and for the MANNER OF THE ASSAULT AND BATTERY.

Fourth—That, by comparison with verdicts in actions of this kind in this country, and with other actions wherein entered the element of malice or of gross negligence, the verdict is not large.

Fifth—That courts will not interfere with verdicts in actions of this kind, because of amount, unless the verdict be flagrantly and outrageously excessive; and that, in cases of the class to which this belongs, the courts are the most reluctant to interfere because of amount.

## AS TO INSTRUCTIONS.

First—That the court properly instructed the jury to find for the plaintiff.

Second—That the court gave to the jury the proper measure of damages, including the right to recover for the MANNER OF

## THE ASSAULT AND BATTERY.

Third—That, if there be any error in the instructions, it was error prejudicial to the plaintiff and not to the defendant, in that the court instructed the jury, that if they believed that the plaintiff used the words charged to him by defendant, they might consider their use in mitigation of damages; because, it is uncontroverted that the defendant did not, at or before the time of the assault and battery, know that plaintiff had used the words; and because, before the assault and battery, or at least before the battery, the plaintiff denied to the defendant that he had used the words; and because the assault and battery did not immediately follow the use of the words by plaintiff, if they were used, but, after being informed that the plaintiff had used the words, the defendant stopped his automobile, descended from it, crossed the

street, and pursued the plaintiff before he committed the assault and battery; and the defendant testifies, and Cuneo testifies, and that is all the evidence on the subject, that at and before the time of the assault and battery, the defendant was duly sober.

Fourth—That the court properly failed to submit to the jury the question as to the presence of malice, or wantonness or aggravating circumstances, because ALL the evidence showed, as a matter of law, the presence of those elements.

AUTHORITIES CITED.

Ragsdale v. Ezell, 20 Ky. L. R., 1567; Jenkins v. Chinn, 76 S. W., 405; Owens v. Jenkins, 78 S. W., 2112; I. C. R. R. Co. v. Radford, 64 S. W., 511; Alexander v. Menefee, 64 S. W., 885; Bland v. Caither, 11 S. W., 423; C. ST. L. etc. Co. v. Coffee, 7 Ky. L. R., 360; Lucas v. Hunt, 91 Ky., 279; Section 126, Civil Code; N. N. & M. V. Co. v. Holmes, 14 Ky. L. R., 853; Royal Ins. Co. v. Schwing, 87 Ky., 412; Ashland Railway Co. v. Hoffman, 26 Ky. L. R., 778; Johnson v. Strong, 22 Ky. L. R., 577; Emert v. Dietz, 22 Ky. L. R., 540; Walls v. Robb, 15 Ky. L. R., 159; Phillips v. Mann, 19 Ky. L. R., 1705; Section 317, Civil Code; Vanzant v. Jones, 3 Dana, 464; Young v. Hayden, 3 Dana, 145; Page v. Carter, 8, Monroe, 192; Daviess v. Arbuckle, 1 Dana, 526; Coldsbury v. Stutsville, 3 Bibb, 346; Sadousky v. McGee, 3 J. J. Marshall, 275; Brown v. Evans, 17 Fed. Rep., 912; Webb v. Cilman, 80, Maine, 172; Neindorf Pceden v. Evans, 52 Ill. App., 209; Townsend v. Brigge, 88 v. Manhattan Railway Co., 4 App. Div. New York, 46; Von Cal., 230; Alcorn v. Mitchell, 63 Ill., 553; Duncan v. Finnyborn, Sneed, 262; Crosby v. Bradley, 11 Ky. L. R., 954; Lotton v. Young, 2 Metcalf, 560; Applegate v. Ruble, 2 Marshall, 128; Sherley v. Billings, 8 Bush, 155; M. & L. R. R. Co. v. Horrick, 13 Bush, 127; Tyson v. Ewing, 3 J. J. Marshall, 186; Jennings v. Maddox, 8 Monroe, 430; Chiles v. Drake, 2 Metcalfe, 146; L. & N. R. R. Co. v. Kelly's Admr., Ky., 435; Wood v. Young, 20 Ky. L. R., 1931; Carson v. Singleton, 23 Ky. L. R., 1626; Fay v. Parker, 53 N. H., 385; Towle v. Blake, 48 N. H., 92; Bixby v. Dunlap, 56 N. H., 456; Sedgewick on Measure of Damages; Sutherland on Damages; Kent's Commentaries.

OPINON BY JUDGE SETTLE—Affirming.

Appellee, Stephen Shewmaker, an infant 15 years of age, suing by his mother and next friend, Minnie Shewmaker, recovered in the court below of the ap-

pellant, John Doerhoefer, in an action of assault and battery, a verdict and judgment for $5,000 in damages. Appellant was refused a new trial and has appealed.

The evidence shows that appellee was in the employ of an asphalt company, which was engaged in the work of reconstructing Green street in the city of Louisville. Appellee was required to sweep the street free of dirt and other obstructions in advance of the laying of asphalt. While so engaged, appellant rode up with several companions in an automobile, which he stopped near appellee, alighted therefrom, and went in to a contiguous building to get some cigarettes, after which he got into his automobile and started on his way, but upon going a few feet, again stopped the machine, got out of it and walked up to the appellee, seized his arm with one hand, and with the other struck him in the face and left eye with such force that the blow would probably have knocked him down had appellant not been holding him at the time. The blow thus inflicted greatly bruised and inflamed appellee's eye, caused it to swell and remain swollen for several weeks, during which time it gave him great pain and required treatment from a physician. After the assault upon appellee, appellant re-entered his automobile, and, with his companions, rode away. It further appears from the evidence that the assault was caused by an obscene epithet applied to appellant by some one of the workmen on the street inconvenienced by the approach of the automobile, but appellant claimed it came from appellee. Appellee testified that he did not make the remark, and others near him at the time corroborated him. His and their testimony was to the effect that appellant asked him why he had called him a name, and when appellee denied that he had done so, appellant then called him a —— ——, to which ap-

pellee replied, "I am no more of a ―― ―― than you are," and thereupon appellant caught hold of and struck him. Several witnesses testified in appellant's behalf that the epithet was used by appellee, but we are inclined to think the weight of the evidence sustains the latter's version of the matter. It also appears from the evidence that appellant was a full grown man, 24 years of age, of athletic build, and great strength. The answer admits the assault and battery complained of, and avers that it was provoked by the use upon appellee's part of vile language applied to appellant, and that the latter only laid his hand upon appellee to compel him to desist from the use of such language, in doing which he used no more force than was necessary to accomplish that end. In law, mere words, however insulting, do not justify an assault, though they may be considered by the jury in mitigation of damages; but in the case at bar, it is apparent that the jury were of opinion that the circumstances attending the assault and battery complained of were such as to afford very little, if any, palliation of appellant's conduct.

The motion for a new trial was based on the following grounds: (1) That the court erred in instructing the jury that appellee was entitled to recover punitive damages. (2) That as appellant had been tried and fined in a court of criminal jurisdiction for the assault and battery involved in the case at bar, the infliction of punitive damages by the jury as authorized by the instructions of the trial court subjected him to double punishment, which is forbidden by the Constitution. (3) That the court erred in denying appellant the burden of proof and the concluding argument. (4) That the court erred in permitting misconduct on the part of counsel for appellee in argument to the jury. (5) That the verdict is excessive, and the result of passion or prejudice attributable to

the misconduct of appellee's counsel in argument to the jury. The above grounds being urged upon this appeal, it now becomes our duty to determine whether they are sufficient to compel the reversal of the judgment appealed from.

The fourth ground may be summarily disposed of. If counsel for appellee was guilty of the misconduct complained of, it was only brought to the attention of the court after the trial by an affidavit filed in support of the motion for a new trial. Examination of the record fails to disclose that the improper remarks or misconduct alleged to have been made and committed by the counsel in argument were objected to at the time by counsel for appellant, or that the court was asked to reprimand offending counsel, or admonish the jury to disregard the alleged improper statements made by him. It has been repeatedly held by this court that, in the absence of objection made at the time of the use of the improper statements complained of, they will not be considered on appeal; or the failure of the trial court to exclude them from the jury held as constituting error. Ragsdale v. Ezell, 49 S. W. 775, 20 Ky. Law Rep. 1567; Jenkins v. Chism, 25 Ky. Law Rep. 736, 76 S. W. 405; Owens v. Jenkins, 25 Ky. Law Rep. 1567, 78 S. W. 212; I. C. Ry. Co. v. Radford, 23 Ky. Law Rep. 886, 64 S. W. 511; C., St. L., etc., v. Coffee, 7 Ky. Law Rep. 451; L. & N: R. R. Co. v. Webb, 11 Ky. Law Rep. 369.

The third ground urged for reversal is, we think, untenable. The defense interposed by the answer is purely one of mitigation. It confesses the assault and battery complained of, affirmatively pleads the particular facts and circumstances which provoked it, and, denies any injury or damage to appellee. But the facts pleaded do not amount to justification, or a plea in avoidance, because if true they did not excuse the assault and battery. The same facts could

have been proved on the trial by appellant in mitigation of damages had the answer only contained a traverse. Lucas v. Hunt, 91 Ky. 279, 12 Ky. Law Rep. 871, 15 S. W. 781. ''The burden of proof on the whole action lies on the party who would be defeated if no evidence had been given on either side.'' Civ. Code Prac. § 526. With the answer in, appellee still had to prove that he was entitled to more than the nominal damages it admitted. In order to recover, even compensatory damages, he had to prove the nature and extent of his injuries, which, of course, includes mental and physical suffering; and, in order to recover exemplary damages, it was necessary for him to prove malice or wantonness on the part of appellant. If no answer had been filed, appellee would nevertheless have been compelled to prove the damages sustained by him, for section 126, Civ. Code Prac., requires that allegations concerning the value or amount of damages must be proved, though not traversed. But if the answer could be regarded as containing an affirmative defense, the refusal of the lower court to give apellant the burden of proof and concluding argument would not be treated as prejudicial error, as there was no evidence whatever which tended to prove the allegation of the answer that appellant, in committing the assault, only laid his hand gently upon appellee. On the contrary, all the evidence is to the effect that he held him with one hand while he struck him with the other. In short, as well argued by counsel for appellee, it was a sham plea, wholly unsupported by evidence. An examination of the several cases cited by appellant's counsel on the question of the burden of proof will show in nearly all of them the defense set up in the answer was son assault demense. In one of them (Ashland Railway Co. v. Hoffman, 82 S. W. 566, 26 Ky. Law Rep. 778) the answer admitted the injury, and properly pleaded

moliter manus imposuit. That is to say, the plea was that defendant used only necessary force, and what he had the legal right to use, to remove a woman of bad character from a pleasure resort after peaceable and gentle means had failed to cause her to leave. We have endeavored to consider with exceptional care the very able brief of learned counsel for appellant, and especially that part of it devoted to the discussion of the questions raised by the first and second grounds relied on for reversal.

The instruction to which counsel objects is as follows: "Gentlemen of the Jury: You have heard the testimony of the witnesses in the case, and it will be your duty under the law to find a verdict for plaintiff in such sum as will fairly and reasonably compensate him for any pain and suffering, mental or physical, resulting to him directly from the assault made upon him by the defendant, and for any humiliation of his feelings caused thereby; and the jury may, in their discretion award in addition such punitive or exemplary damages as they may think proper under all the circumstances of the case, the whole award not to exceed the sum of $10,000, the amount claimed in the petition." It is the contention of counsel for appellant that it is an invasion of a constitutional right to permit, in a purely civil action, the recovery of purely punitive damages, where the wrong complainef of is punishable under the criminal law in a criminal action or proceeding; and that, inasmuch as the appellant has been punished in a court of criminal jurisdiction for the assault and battery committed upon appellee, to allow the recovery of punitive damages against him in a civil action for the same tort would be double punishment, which is unauthorized. Counsel assumes that the foregoing instruction allows the jury to award appellee damages compensating him in full for all his loss and damage, and then to add to their ver-

dict an additional sum wholly by way of punishment
to appellant, without regard to any loss sustained by
him.   We do not think the instruction open to this
construction, nor does the rule that punitive dam-
ages may be allowed without regard to compensation
obtain in this state, though there is considerable au-
thority, including several ancient decisions of this
court, to the effect that punitive damages may be re-
covered in a civil action for tort wholly upon the idea
of punishment of the defendant, without respect to
the compensation of plaintiff.   It is the law in this
state, that, in actions for torts of this character, the
damages recoverable may include such as are caused
by physical and mental suffering, humiliation of feel-
ing, loss of time, expense of recovery, and for the
manner of the assault, if the same be malicious, wan-
ton, or attended by aggravating circumstances.   In
the case at bar these elements were all submitted to
the jury by the instruction in question, except those
of expense of recovery and loss of time, neither of
which was claimed in the action.

As far back as 1830 this court, in the case of Tyson
v. Ewing, 3 J. J. Marsh, 186, announced the doctrine
that the recovery of punitive damages might be al-
lowed for a personal tort as a punishment and deter-
rent to wrongdoing, without respect to the compensa-
tion of the plaintiff, and, in the later case of Jennings
v. Maddox (1848) 8 B. Mon. 430, the same doctrine
was applied in a case of trespass to land committed
in a high-handed and threatening manner.   In Chiles
v. Drake, 2 Met. 146, 74 Am. Dec. 406, the court in an
elaborate and able opinion cleared away some of the
mist hanging about the question, and in doing so an-
swered the objections now presented by counsel for
appellant.   The wrong for which the civil action was
brought was also punishable under the criminal law.
On this question, the court in that case said: "It

is also contended that this law is liable to another
constitutional objection. The act of the defendant
for which it authorizes an action to be brought and
punitive damages to be recovered is, acording to the
argument in support of this objection, an offense for
which he is criminally responsible; and, therefore, if
he can be subjected to punitive damages in this ac-
tion, he may be punished for the same offense, in
direct contravention of the constitutional provisions
on that subject.   This argument is evidently based on
a misconception of the meaning of the expression
punitive damages contained in the act.    *    *    * The
recovery is for the loss sustained; but the damages
to be allowed therefor are to be exemplary.  This
is the sense in which the word 'punitive' has been
frequently used by this court, and it is evidently the
sense in which it was used by the Legislature.  Puni-
tive, vindictive, and exemplary damages are all
synonymous terms.  It will hardly be contended
that a plaintiff cannot recover vindictive dam-
ages for an assault and battery committed with
circumstances of aggravation, although the de-
fendant might be indicted for the same offense
The recovery in one case, is for the private injury,
and, in the other, the punishment is inflicted
for the public wrong.  Vindictive damages operate,
it is true, by way of punishment, but they are allowed
as compensatory for the private injury complained
of in this action.  They are allowed, because the in-
jury has been increased by the manner in which it
was inflicted.  Conceding that it is against the spirit
of the Constitution to inflict more than one punish-
ment for the same offense, still the law which author-
izes this action, and the recovery therein of punitive
damages, is not liable to condemnation.  Its object is,
not to inflict a penalty, but to remunerate for the loss
sustained.  Every recovery for a personal injury,

with or without punitive damages, operates in some degree as a punishment, but it is a punishment which results from the redress of a private wrong, and does not, therefore, violate either the meaning or spirit of the Constitution.  *  *  *  The right, however, of the plaintiff to recover vindictive damages for personal injuries, where the commission of the act complained of is accompanied with circumstances of aggravation, has been repeatedly recognized by this court as proper, and this must now be regarded as the settled rule of law in this State.   The rule, when properly understood, is in our opinion, supported by principle and analogy, and has a decided preponderance of authority in its favor.   The arguments used in opposition to the rule proceeded on the erroneous assumption that vindictive damages are inflicted by way of criminal or penal punishment, and are not given by way of compensation for the injury complained of.   Such damages may operate by way of punishment, but they are allowed by way of remuneration for the wrongs suffered. They are proportioned to the aggravating circumstances and willful and reckless character of the act which occasioned the injury to the plaintiff. They are discretionary with the jury, as the damages for personal injuries are. * *. _'' The doctrine announced in the case, supra, has never been abandoned by this court, but, on the contrary, has been approved in many later decisions, among which are the following:  Crosby v. Bradley, 11 Ky. Law Rep. 954; L. & N. R. R. Co. v. Kelly's Adm'x, 100 Ky. 435, 19 Ky. Law Rep. 69, 38 S. W. 852, 40 S. W. 452; Ragsdale v. Ezell, 49 S. W. 775, 20 Ky. Law Rep. 1567; Wood v. Young, 50 S. W. 541, 20 Ky. Law Rep. 1931; Carson v. Singleton, 65 S. W. 821, 23 Ky. Law Rep. 1626.

It is true, as suggested by counsel for appellant, that the present Constitution of this State has been adopted since the case of Chiles v. Drake, supra, was

decided, but its provisions, so far as the question under consideration is concerned, are like those of the Constitution in force at that time; and besides, the rule as to punitive damages announced in that case has been steadfastly adhered to by this court since the adoption of the present Constitution. The contrary theory contended for by counsel for appellant, which is supported by Fay v. Parker, 53 N. H. 385, 16 Am. Rep. 270, and other cases cited, has never met with favor in this State. It is yet the law in this State that for a willful assault and battery the plaintiff is entitled to recover, not only actual damages, for time lost, expense incurred, and physical and mental suffering caused thereby, but also punitive damages for the manner of the assault, for as said by Chancellor Kent, in discussing this question: "It appears to me that the conclusions in Mr. Sedgwick's treatise are well warranted by the decisions, and that the attempt to exclude all consideration of the malice and wickedness and wantonness of the tort in estimating a proper compensation for the victim is impracticable, visonary, and repugnant to the fine feelings of social sympathy."

We cannot disturb the verdict on the ground that it is excessive, for there was evidence conducing to prove that the assault was wantonly and maliciously committed; that appellee's injuries were of a serious character, and will probably result in permanent impairment of his eyesight, and, moreover, the case was one in which he was entitled to punitive damages. In view of which, and of the fact that there is nothing in the record to convince us that the jury in reaching a verdict were influenced by passion or prejudice, the situation is not such as requires interference at our hands. Judgment affirmed. Whole court sitting, except CANTRILL J.

Petition for rehearing by appellant overruled.